FRANK A. HOFFMAN, D.C., Plaintiff-Appellee, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION, Defendant-Appellant.

First District (1st Division)    No. 79-1589

Opinion filed August 25, 1980.—Rehearing denied September 22, 1980.

William J. Scott, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellant.

Kirkpatrick W. Dilling and Robert E. Armstrong, both of Dilling, Dilling & Gronek, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, the Illinois Department of Registration and Education (Department) suspended the chiropractic registration of plaintiff Frank A. Hoffman, D.C., for 15 days. Hoffman was suspended because of receiving Medicare kickbacks. Hoffman brought an administrative review action (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) in the circuit court of Cook County, challenging his suspension. The circuit court reversed the Department's decision and the Department appeals.

The parties raise four issues on appeal: (1) whether the circuit court

had jurisdiction to entertain plaintiff's complaint; (2) whether the director of the Department exceeded her statutory authority by overruling the Board's determination; (3) whether plaintiff's misconduct constituted "dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public" under section 16 of the Medical Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 16a4); and (4) whether the Department's disposition was contrary to the manifest weight of the evidence.

Our disposition of this case concerns only the first issue. Accordingly, only a short account of the case is necessary.

On April 28, 1977, the Department filed a complaint against Hoffman seeking to suspend or revoke his certificate of registration. The complaint charged Hoffman's violation of 42 U.S.C. §1395nn(b)(1) (1976) (receiving Medicare kickbacks) as grounds. On March 31, 1977, before the United States District Court for the Northern District of Indiana, Hoffman had pleaded *nolo contendere* to the charge contained in count 18 of a 25-count Federal indictment. This count charged plaintiff with receiving kickbacks from Chem-Tech Co. in the amount of $425 for the month of September 1973. The court imposed a one-year prison sentence but suspended execution of the sentence. Plaintiff was placed on probation for one year, fined, and ordered to make restitution. On motion of the government, the remaining counts of the indictment were dismissed by the court.

The thrust of the resultant disciplinary controversy involves conflicting characterizations of Hoffman's misconduct. Briefly, Hoffman obtained blood and tissue specimens from patients who were eligible Medicaid and Medicare recipients. He prepared and referred these specimens to Chem-Tech Laboratory, a licensed Medicare and Medicaid provider. Chem-Tech received Federal reimbursement for diagnostic testing it performed on the specimens. Certain payments were then made to Hoffman from Chem-Tech. The Department characterizes the payments as "kickbacks." It asserts that plaintiff received these monies knowing that Medicare and Medicaid coverage was limited to chiropractic services but not any laboratory service or preparation on his part. Hoffman, on the other hand, asserts the monies were "handling fees" intended as payment for the professional component of handling the specimens. He concedes a "technical" violation of Federal law, but denies any criminal intent or willful misconduct which would warrant professional disciplinary sanctions.

Procedurally, Hoffman received an administrative hearing before the Medical Disciplinary Board of the Department (Board). On July 6, 1977, the Board filed written findings: (1) that Hoffman pleaded *nolo contendere* to a Federal misdemeanor charge of receiving Medicare kickbacks; (2) that these actions did not constitute violations of section 16 of the Medical Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 16a4) (unprofessional con-

duct). The Board recommended to the director that Hoffman's license remain in good standing.

On January 12, 1978, the director of the Department entered a written order remanding the cause to the Board for reconsideration with directions.[1] On March 1, 1978, the Board, upon reconsideration, reaffirmed its recommendation.

On February 1, 1979, the director entered a written order rejecting the Board's findings of fact, conclusions of law and recommendation. The director suspended Hoffman's license for 15 days. As required by the Medical Practice Act (Ill. Rev. Stat. 1977, ch. 111, par. 4449), the director filed specific written reasons for rejecting the Board's recommendation with the Secretary of State. In part, she stated that:

> "[I]t is my opinion that a review of the complete record to date in this matter indicates that Frank A. Hoffman, by his conduct (well detailed throughout the transcript of the administrative proceedings before the Board), subverted both the letter and the spirit of the law governing Medicare payments to his personal advantage. Such law provides that requests for Public Aid reimbursement for services rendered to Public Aid patients must be submitted by the person who actually rendered the services. In the matter with which we are concerned, an independent laboratory actually performed certain professional services, billed the patients for them, received Medicare reimbursement, and in turn remitted portions of such reimbursement to Hoffman as so-called 'handling fees' * * * Hoffman received these payments of Public Aid funds from the laboratory without making any public record of such receipts as required. I can see no reason why Hoffman could not have transacted his billing practices in an 'up-front' manner, rather than hiding them from patient, governmental and public scrutiny, as he chose to do. Simply stated, Hoffman knew, or should have known that his actions in this regard violated the law."

Notice of the February 1, 1979, order was served on Hoffman and his counsel on February 6, 1979, by certified mail. On February 9, 1979, Hoffman filed a motion to vacate and set aside the director's order. On March 13, 1979, the director denied this motion.

On March 28, 1979, Hoffman filed a complaint for administrative review of the March 13, 1979, order. On May 24, 1979, the Department moved that the circuit court dismiss Hoffman's complaint for failure to timely file it under the Administrative Review Act. The court denied the

---

[1] The director questioned whether a majority of the Board participated in the determination and asked the Board to reconsider the legal effect of plaintiff's *nolo contendere* plea under the Medical Practice Act.

motion to dismiss and subsequently reversed the decision of the director as contrary to the manifest weight of the evidence and law.

We find that the administrative review complaint was not timely filed and that the circuit court was without jurisdiction to entertain this cause.

■■ Section 4 of the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 267) provides that:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby."

This 35-day limit is a jurisdictional requirement (*Johnson v. State Police Merit Board* (1968), 99 Ill. App. 2d 458, 241 N.E.2d 468), and a plaintiff who fails to file a complaint within the specified period is time-barred from seeking review of the agency decision. *Varnes v. Dougherty* (1976), 39 Ill. App. 3d 476, 350 N.E.2d 6.

■■ Unless there is an agency rule or statute which specifically provides for a rehearing, the final order becomes ripe for administrative review when it is rendered by the agency. (*Pearce Hospital Foundation v. Public Aid Com.* (1958), 15 Ill. 2d 301, 154 N.E.2d 691; *Oliver v. Civil Service Com.* (1967), 80 Ill. App. 2d 329, 224 N.E.2d 671.) If there is an agency rule or statute which provides for a rehearing, "then an agency decision is not an appealable 'administrative decision' until the aggrieved party requests rehearing and his petition is denied." *Oliver v. Civil Service Com.* (1967), 80 Ill. App. 2d 329, 333, 224 N.E.2d 671.

The Department contends that there is no agency rule or statutory provision authorizing a rehearing. Therefore, the 35-day jurisdictional time limit began to run on February 6, 1979 (when Hoffman received notice of the director's February 1 final order), and Hoffman had until March 13, 1979, to file his complaint for judicial review. Hoffman maintains that the following Department rules authorize rehearing motions and that his complaint appealing the denial of his rehearing motion was timely filed:

"3.02 Petitions and Applications

Petitions and Applications shall be in writing and shall contain

(1) the name and address of the Petitioner or Applicant and the name and address of any respondent;

(2) a plain and concise statement of the nature of Petitioner's or Applicant's interest and the facts relied upon as a basis for the relief sought, and where such basis is statutory, specific reference to or citation of the statute shall be made; and

(3) specific prayers for relief, which may be in the alternative."

"1.03 H:

Petitioner or Applicant is a party who by written petition or application seeks or *applies for relief under any provision of the*

*statutes of the State of Illinois or otherwise from any rule, regulation, order or determination of the Department."* (Emphasis added.)

"4.01 Scope of Motions

*Motions in the course of proceedings* may be presented to add necessary parties or to dismiss improper parties; or to request the dismissal of the proceedings for want of jurisdiction or want of prosecution, the quashing of a subpoena, the postponement of an effective date of an order, the extension of time for compliance with an order, or *for such other relief as may be appropriate."* (Emphasis added.)

■■ We find that the introductory phrase "[m]otions in the course of proceedings" delineates the scope of motions indicating that motions may be filed only during the course of the administrative proceeding. Moreover, the above-noted rules fail to provide any specific right or obligation to seek rehearing of an otherwise final agency decision, as is required by Illinois courts. See *People v. Scudder Buick, Inc.* (1971), 47 Ill. 2d 388, 391-92, 266 N.E.2d 324; see also *Pearce Hospital Foundation v. Public Aid Com.; Oliver v. Civil Service Com.*

■■ Plaintiff also suggests that sections 17.07 and 17.10 of the Medical Practice Act (Ill. Rev. Stat. 1977, ch. 111, pars. 4446, 4449) provided a method for rehearing from the director's suspension order of February 1, 1979. However, the Medical Practice Act only provided a method for rehearing a case from the Medical Disciplinary Board's recommendation but not from an order entered by the director. Section 17.06 (Ill. Rev. Stat. 1977, ch. 111, par. 4445) states in part that:

"The Board shall present to the Director a written report of its findings and recommendations. A copy of such report shall be served upon the accused person, either personally or by registered or certified mail. Within 20 days after such service, *the accused person may present to the Department his motion in writing for a rehearing, which written motion shall specify the particular ground therefor."* (Emphasis added.)

Clearly, at this stage of the proceedings, there is no final administrative decision.

On the other hand, sections 17.07 and 17.10 (Ill. Rev. Stat. 1977, ch. 111, pars. 4446, 4449) fail to provide any method for rehearing orders entered by the director.

■■ In short, once plaintiff received notice via certified mail (February 6) of the director's suspension order, his only recourse was to file an administrative review action within 35 days. Plaintiff failed to timely file his complaint, and the circuit court lacked jurisdiction to entertain this action.

Finally, we address an issue not specifically raised by the parties but

implicit from their briefs and arguments: whether the director's actions in accepting Hoffman's motion to vacate, entertaining it until the 35-day period had run, and then denying it, support an estoppel argument.

Under similar circumstances, this contention was rejected in *Oliver* because the Commissioner did not request the rehearing petition, nor did the agency rules indicate the petition would be entertained. Here, too, the motion to vacate was unilateral and unsolicited by the Department without intent by the director to mislead Hoffman in any manner.

For the reason that the court lacked jurisdiction, the order of the circuit court of Cook County is reversed and the cause remanded to the circuit court of Cook County with directions to dismiss plaintiff's complaint.

Reversed and remanded with directions.

GOLDBERG, P. J., and McGLOON, J., concur.