THE PEOPLE *ex rel.* OLIN CORPORATION, Petitioner-Appellee, *v.* THE DEPARTMENT OF LABOR *et al.*, Respondents-Appellants.

Fifth District   No. 79-475

Opinion filed April 8, 1981.

William J. Scott, Attorney General, of Chicago (Robert G. Epsteen, Assistant Attorney General, of counsel), for appellants.

Dorothy Kelley, of East Alton, and Ronald K. Fisher and Michael E. Kaemmerer, both of Harris, Dowell, Fisher, McCarthy & Kaemmerer, of Chesterfield, Missouri, for appellee.

Mr. JUSTICE WELCH delivered the opinion of the court:

■■ This case presents the question of whether the Director of the Illinois Department of Labor can, on his own initiative, withdraw his own order entered three months earlier and direct that a hearing on an issue not appealed by the parties to the order be held. We hold that he cannot do so, and we affirm the decision of the trial court that a writ of prohibition will lie to compel reinstatement of the first order and to prevent the Director from holding further hearings.

This particular dispute is but one of many which stem from a strike which affected the East Alton Plant of Olin Corporation from December 1, 1977, to March 4, 1978. During this work stoppage, many Olin employees, including members of the Western Employees' Trade Council (W.E.T.C.) filed claims for unemployment compensation benefits. A claims adjudicator of the Department of Labor determined that certain employees were eligible for these benefits and that others were not. No hearing was held by the adjudicator, as none is required. Ill. Rev. Stat. 1979, ch. 48, par. 452.

Olin took exception to the findings of the adjudicator, and a hearing was held in April 1978 before a representative of the Director of the Department of Labor. (Ill. Rev. Stat. 1979, ch. 48, pars. 470, 471.) Some of the adjudicator's decisions were accepted, and others were not. The representative determined, contrary to the opinion of the adjudicator, that the members of W.E.T.C. were ineligible for benefits. Olin filed objections to the representative's report, but not to the finding concerning W.E.T.C. members. No objections were filed by W.E.T.C.

On October 5, 1978, the Director of the Department of Labor issued an order in which he accepted the representative's report in its entirety. Olin sought judicial review of this order by filing a lawsuit in the Circuit

Court of Madison County on November 1, 1978. (Ill. Rev. Stat. 1979, ch. 110, par. 267.) That action is not the subject of this appeal. W.E.T.C. did not file any similar suit within the time limits allowed by the Administrative Review Act.

The Director issued another order in this matter on January 5, 1979. In it he stated that he was unsure whether the members of W.E.T.C. had been given proper notice of the April 1978 hearing, as required by sections 801 and 804 of the Illinois Unemployment Compensation Act (Ill. Rev. Stat 1979, ch. 48, pars. 471, 474). It was directed that a hearing was to be held to determine whether W.E.T.C members received proper notice of the April 1978 hearing. If they had, then the October 5, 1978, order would stand. If not, then an entirely new hearing on the eligibility of W.E.T.C. members for unemployment benefits would be held before a representative of the Director.

Olin petitioned the Circuit Court of Madison County for a writ of prohibition on March 13, 1979. It was requested that the January 5, 1979, order be nullified and that the Department be prevented from holding a new hearing. Following arguments from Olin, the Department of Labor and its Director (W.E.T.C. was denied leave to intervene, not being a claimant of unemployment insurance), the court granted Olin the relief which it sought. The Department and its Director have perfected an appeal to this court.

■■ A writ of prohibition is a device by which a court may restrain an inferior tribunal, such as an administrative agency, from acting outside its jurisdiction. In order to be entitled to the writ, a petitioner must show "[f]irst, that the court, officer or person against whom it is sought is about to exercise judicial or *quasi* judicial power; second, that the exercise of such power is unauthorized by law; third, that it will result in injury for which no other adequate remedy exists." *People ex rel. Blasi v. Burdett* (1915), 195 Ill. App. 255, 258-59; *People ex rel. No. 3 J. & E. Discount, Inc. v. Whitler* (1980), 81 Ill. 2d 473, 410 N.E.2d 854.

Both sides characterize the attempted actions of the Department of Labor as an inquiry into the existence of its own jurisdiction. It cannot be doubted that the action sought to be prevented is judicial or quasi-judicial, rather than ministerial or administrative in nature. (*People ex rel. Hurley v. Graber* (1950), 405 Ill. 331, 90 N.E.2d 763.) Indeed, according to the Department and its Director, a determination of the existence of proper notice requires an interpretation of "[t]the most fundamental requirement of the constitutional guarantee contained in the due process clause [*sic*]." As we can think of few inquiries more judicial in nature than that proposed by the Department, the first requirement for the issuance of writ of prohibition is satisfied beyond doubt.

The second of the three requirements is the most contested in this

case. The parties agree that administrative agencies, such as the Department of Labor, are creatures of statute, having only the powers granted them by statute and no inherent powers. (*Oliver v. Civil Service Com.* (1967), 80 Ill. App. 2d 329, 224 N.E.2d 671.) The Department and its Director argue that the appropriate statute is the Unemployment Compensation Act, and that if the Department has no jurisdiction to proceed under that act, then the first order was void, and the second order was necessary to correct the jurisdictional error. Olin states that the relevant law is the Administrative Review Act, under which the Department had no authority to issue the second order when it did. An examination of portions of both enactments is necessary to resolve this issue.

The determination made by the Director in this case, "shall be reviewable only under and in accordance with the provisions of the 'Administrative Review Act,' provided that judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his administrative remedies as provided by this Act," according to the Unemployment Insurance Act. (Ill. Rev. Stat. 1979, ch. 48, par. 520.) As no appeal of the Director's first order was taken to the Department's Board of Review within 14 days of the order, that order became final. (Ill. Rev. Stat. 1979, ch. 48, par. 471.) And, as provided in the Administrative Review Act,

> "If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." Ill. Rev. Stat. 1979, ch. 110, par. 265.

Under the Administrative Review Act, "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1979, ch. 110, par. 267.) That 35-day limit is a jurisdictional requirement. (*Hoffman v. Illinois Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 410 N.E.2d 291).

In this case, no administrative or judicial review of the Director's first order was ever sought on the ground that improper notice was given of the April 1978 hearing. Although Olin has sought judicial review of that order, it has not questioned the adequacy of the notice given for the April 1978 hearing. Therefore, the question which must be answered, in order to determine whether the proposed action of the Department is outside its

jurisdiction, is whether the Director may, on his own initiative, rescind his prior order on a ground not mentioned by any of the parties to the order, after the time for presentation of that ground through administrative or judicial review has expired.

■■ As administrative agencies are creatures of statute, they may allow rehearings or modify or alter their decisions only where authorized to do so by statute. (*Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, 154 N.E.2d 691; *Oliver v. Civil Service Com.* (1967), 80 Ill. App. 2d 329, 224 N.E.2d 671; *Klaren v. Board of Fire & Police Commissioners* (1968), 99 Ill. App. 2d 356, 240 N.E.2d 535.) The drafters of the Unemployment Compensation Act and the Administrative Review Act contemplated that unless the parties to the Director's first order initiated review of it, that order would be become final.

The system of review established by the relevant acts in this case was designed to be adversarial in nature. All review of the orders of the Department was to be initiated by the parties. The Department and its Director suggest no statutory mechanism in the Unemployment Compensation Act or the Administrative Review Act by which the Director may act, upon his own initiative, to withdraw his own order after the time granted to the parties to review that order has expired. Nor can we discover any authority in either act. Thus, the proposed action of the Department of Labor would be in excess of its statutory jurisdiction, and the second requirement for a writ of prohibition has been met.

Finally, Olin must show that the extrajurisdictional activity of the Department would result in injury for which no other adequate remedy exists. At an evidentiary hearing on Olin's request for the writ, testimony was introduced to show that the operations at its East Alton Plant would be disrupted by the absence of W.E.T.C. members from work to attend a hearing. The Department and its Director responded that this does not show that Olin is without a remedy. In fact, they argue that Olin's remedy would be to seek administrative and judicial review of the Department's decisions after the proposed hearing.

However, where the remedy of administrative and judicial review would come only after a hearing which the Department has no jurisdiction to hold, it can be said that, as a matter of law, Olin has no other adequate remedy than the writ of prohibition. (*People ex rel. Swift v. Superior Court* (1935), 359 Ill. 612, 195 N.E. 517; *People ex rel. No. 3 J. & E. Discount, Inc. v. Whitler.*) We need not consider the extent of disruption which the hearing could cause at the East Alton Plant in order to conclude that the third prerequisite for a writ of prohibition has been satisfied.

In summary, we decide that the acts sought to be prohibited are judicial or quasi-judicial in nature, that the Director's second order, entered after the time for review of that order had expired, was beyond

the jurisdiction of the Department, and that Olin has no adequate remedy beyond the writ of prohibition. The decision of the Circuit Court of Madison County granting that writ is therefore affirmed in its entirety.

Affirmed.

JONES and KARNS, JJ., concur.