DORR-WOOD, LTD., *et al.*, Plaintiffs-Appellees, *v.* THE DEPARTMENT OF PUBLIC HEALTH *et al.*, Defendants-Appellants.

Second District    No. 80-897

Opinion filed August 17, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Patrice P. Suberlak, Assistant Attorney General, of counsel), for appellants.

James O'Grady, of O'Grady & Cromley, of Genoa, for appellees.

Mr. JUSTICE REINHARD delivered the opinion of the court:

This is an appeal from an order denying defendants', Illinois Department of Public Health and Illinois Department of Public Aid, petition to vacate a previously entered default judgment. The issues raised by defendants for our review are whether the trial court lacked subject matter jurisdiction under the Administrative Review Act to enter the default judgment against the Illinois Department of Public Aid and the Illinois Department of Public Health, and whether the trial court abused its discretion in denying their section 72 (Ill. Rev. Stat. 1979, ch. 110, par. 72) petition to vacate the default judgment.

Plaintiffs, Dorr-Wood, Ltd., and Creative Health Care, Inc., d/b/a Sheltered Village (hereinafter collectively referred to as Sheltered Village), are long-term nursing care facilities that provide medical assistance to persons who are medically indigent. Sheltered Village receives financial reimbursement from the Illinois Department of Public Aid pursuant to article V of the Public Aid Code (Ill. Rev. Stat. 1979, ch. 23, par. 5—1 et seq.).

On May 25, 1979, the Illinois Department of Public Health informed Robert Bowman, president of Sheltered Village, that a desk audit of Sheltered Village had been performed and that a management fee paid to Mr. Bowman would be disallowed since it exceeded the maximum fee allowed to be paid to one person pursuant to an unpublished rule of the Department. Plaintiffs then appealed this decision to the Chief of Bureau Group Care of the Illinois Department of Public Aid. The appeal was denied.

Thereafter, plaintiffs filed a complaint for administrative review in the Circuit Court of McHenry County seeking a reversal of the Department's decision. Defendants failed to file an answer before the return date, and the court entered a default judgment against defendants on September 27, 1979. The effect of the judgment was to reverse the desk audit and decision of the Department of Public Aid which denied payment of the management fees to Mr. Bowman and allowance of those fees as a reasonable expense.

On October 3, 1979, defendants filed with the clerk of the circuit court of McHenry County their appearance and a motion to dismiss

setting forth that this matter was not reviewable under the Administrative Review Act. Defendants' brief asserts, however, that neither plaintiffs' attorney nor the clerk of the circuit court notified defendants of the default order previously entered on September 27, 1979, and that the defendants remained unaware of it for almost one year.

After learning of the default, defendants filed a petition for relief from the default judgment seeking to vacate the judgment. Count I of the petition set forth that the default judgment was void for want of subject matter jurisdiction in that the Administrative Review Act is not applicable to plaintiffs' claim and that the Court of Claims has exclusive jurisdiction when a monetary recovery is sought from the State. Count II of the petition alleged that the defendants had set forth a meritorious defense and acted with due diligence in presenting their petition to vacate the default judgment. Also filed with the petition was an affidavit of defendants' attorney, James C. O'Connell. The affidavit stated that, before the return date of the original complaint, plaintiffs' attorney, James D. O'Grady, was contacted by O'Connell, a special assistant attorney general. O'Connell informed O'Grady that the Attorney General would be appearing on behalf of the defendants and requested a short extension of time to file a responsive pleading. The affidavit further stated that plaintiffs' attorney did not inform O'Connell that he would move for a default judgment if defendants did not appear before the return date. However, an affidavit of Mr. O'Grady filed with plaintiffs' response to defendants' section 72 petition stated that at no time did Mr. O'Connell state that he was going to file an answer or enter an appearance in the present case. After oral argument was heard, the court on September 16, 1980, denied defendants' petition to vacate.

Subsequently, on October 14, 1980, defendants filed a motion to vacate and reconsider. The court took defendants' motion under advisement indicating a written memorandum would follow. On October 20, 1980, plaintiffs filed a motion to dismiss defendants' motion, and it was denied. Although a written memorandum and order concerning defendants' motion to vacate and reconsider has not yet been issued, this court granted defendants' leave to appeal on December 2, 1980. See *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703; compare *Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 398 N.E.2d 972.

The briefs, statutes and rules of the Department of Public Aid further reveal that in order to be reimbursed on a reasonable cost-related basis, nursing care facilities must submit cost reports of the allowable costs of services provided to their nursing home residents within three months of the end of the facility's fiscal year. Then it is analyzed at a desk audit to

verify whether the costs are reasonable, allowable and therefore reimbursable. The Illinois Department of Public Health will thereafter allow or adjust the cost report and report the allowable costs to the Illinois Department of Public Aid which will determine the reimbursement rate on a prospective basis for nursing facilities providing care to Medicaid patients. The reimbursement rate is calculated from the facility's report submitted for its fiscal year ending more than one year but less than two years prior to the beginning of the rate year after applying an inflation update. Sixty days prior to the beginning of the rate year, the Department of Public Aid notifies the facility of its new rate, and the facility may appeal to that Department. In the instant case, plaintiffs seek to judicially review the administrative decision adjusting their reimbursement rate based upon the desk audit.

■■ First, in support of defendants' contention that the trial court lacked subject matter jurisdiction to enter the default judgment in this case, it should be noted that lack of jurisdiction of the parties or of the subject matter can be raised at any time, in any court, either directly or collaterally. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112, 357 N.E.2d 1154; *Home State Savings Association v. Powell* (1979), 73 Ill. App. 3d 915, 917, 392 N.E.2d 598.) There can be no waiver of jurisdiction of the subject matter where the trial court lacked jurisdiction to enter the order appealed from. (*Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 718, 377 N.E.2d 237.) A section 72 petition is not, strictly speaking, the appropriate method for attacking a void judgment. (Ill. Rev. Stat. 1979, ch. 110, par. 72(6).) A petition attacking a void judgment is not considered as being brought under section 72 notwithstanding what the parties have labeled it. (*G. Brock Stewart, Inc. v. Valenti* (1976), 43 Ill. App. 3d 673, 674, 357 N.E.2d 180.) Therefore, even though defendants have referred to their petition as arising under section 72 of the Civil Practice Act, since they attacked the judgment as being void for want of jurisdiction, they are not required to plead and prove due diligence or a meritorious defense. (*Home State Savings Association v. Powell* (1979), 73 Ill. App. 3d 915, 917, 392 N.E.2d 598.) As the court in *Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 404 N.E.2d 537, explained:

> "A void judgment may be challenged by a section 72 petition; this is apparent both from the plain language of section 72(1) ("All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder * * *") and by necessary implication from section 72(5) (protecting certain third parties "unless lack of jurisdiction affirmatively appears from the record proper"). A void judgment may,

however, be attacked at any time, without regard to the usual 2-year limit of section 72(3) and without any showing of diligence or a meritorious defense, such as other section 72 petitions for relief from defaults must plead to be sufficient. (*Home State Savings Association v. Powell* (1979), 73 Ill. App. 3d 915, 392 N.E.2d 598; see section 72(6).) * * *" 83 Ill. App. 3d 594, 596, 404 N.E.2d 537.

■■ We have concluded that defendants are correct in their contention that the default judgment is void since the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) has not been expressly made applicable by any statute to review this kind of dispute. The Act provides for review in the circuit courts of final administrative decisions, but is only applicable where it has been adopted by express reference in the statute creating or conferring power on the administrative agency involved. (Ill. Rev. Stat. 1979, ch. 110, par. 265; *Wilkins v. Department of Public Aid* (1972), 51 Ill. 2d 88, 90, 280 N.E.2d 706.) The Public Aid Code specifically makes the provisions of the Administrative Review Act applicable to "all proceedings for the judicial review of final administrative decisions of the Illinois Department on appeals by applicants or recipients under Articles III, IV, V or VII." Ill. Rev. Stat. 1979, ch. 23, par. 11—8.7.

Although defendants admit that plaintiffs are long-term care facilities which receive medicaid reimbursement from the Illinois Department of Public Aid pursuant to article V of the Public Aid Code (Ill. Rev. Stat. 1979, ch. 23, par. 5—5.1), they contend that plaintiffs should not be considered "recipients" under the terms of the Code and, hence, the provisions of the Administrative Review Act should not apply. On the other hand, plaintiffs argue that a recipient is a person who is receiving financial aid under the Code, and financial aid is defined as money or vendor payments to a recipient or on behalf of a recipient, which therefore make them a recipient entitling them to inclusion under section 11—8.7 of the Code, which provides for administrative review.

Section 2—9 of the Code defines "recipient" as "a person who is receiving financial aid under any of the provisions of this Code." (Ill. Rev. Stat. 1979, ch. 23, par. 2—9.) Additionally, "vendor payment" is defined as a "payment made directly to the person, firm, corporation, association, agency, institution or other legal entity supplying goods or services to a recipient." (Ill. Rev. Stat. 1979, ch. 23, par. 2—5.) Both parties agree that plaintiffs are long term care facilities which receive financial reimbursement from the Department of Public Aid for the goods and services they supply to the medically indigent. As such, plaintiffs are clearly "vendors" and not "recipients" under the terms of the Code.

■■ The Code also provides evidence that the two terms are mutually exclusive. Throughout the Code the terms "recipient" and "vendor" are

used separately and distinctly. For example, in the declaration of purpose for the Public Aid Code, section 1—1 states that the Department shall establish standards of financial aid as will encourage recipients "to maintain a livelihood compatible with health and well being and to develop their self-reliance and realize their capacities for self-care, self-support, and responsible citizenship." (Ill. Rev. Stat. 1979, ch. 23, par. 1—1.) Similarly, sections 5—6 and 5—12 speak of the "death of a recipient." (Ill. Rev. Stat. 1979, ch. 23, par. 5—6, 5—12.) Clearly then, the intended definition of a "recipient" is a medically indigent individual rather than a facility which provides medical care to such individuals.

Further evidence that the terms of the Administrative Review Act were not meant to apply to the denial of a claim for a vendor payment by the Department of Public Aid is found in section 12—4.25 of the Public Aid Code. (Ill. Rev. Stat. 1979, ch. 23, par. 12—4.25.) This section does contain the procedure for the denial, suspension or termination of eligibility to participate as a vendor of goods or services to recipients under the medical assistance program. This statute also adopts the Administrative Review Act for judicial review of final administrative decisions made pursuant to its terms. It is particularly significant that this section which deals exclusively with vendors of medical goods and services and specifically makes applicable the terms of the Administrative Review Act makes therein no mention of the procedure to be followed in contesting a facility's reimbursement rate. It can only be concluded that this type of decision was not meant to be subject to administrative review in the circuit courts, and the trial court should have granted the motion to vacate the default judgment against defendants for lack of subject-matter jurisdiction. We therefore need not consider the question whether there was an abuse of discretion in denying the section 72 petition.

Defendants further assert that the doctrine of sovereign immunity bars suit against a state agency in the circuit court absent the State's consent. Although article XIII of the 1970 Illinois Constitution provides that "[e]xcept as the General Assembly may provide by law, sovereign immunity is abolished" (Ill. Const. 1970, art. XIII, §4), the legislature has kept the doctrine alive in a limited sense by providing that "[e]xcept as provided in 'an act to create the Court of Claims * * *' the State of Illinois shall not be made a defendant or party in any court." (Ill. Rev. Stat. 1979, ch. 127, par. 801; see also *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237, and *Franciscan Sisters v. Department of Public Aid* (1972), 3 Ill. App. 3d 587, 278 N.E.2d 105.) Whether any action can be properly brought against agencies of the State in the circuit court based upon these or similar facts, or whether any claim lies in the Court of Claims (see Ill. Rev. Stat. 1979,

ch. 23, par. 11—13), is a question we do not have before us to decide as the plaintiff's complaint here only pleaded facts seeking review under the Administrative Review Act.

For the previously stated reasons, the default judgment against the defendants is vacated.

Judgment vacated and remanded.

SEIDENFELD, P. J., and HOPF, J., concur.