*In re* WRITTEN CHARGES AGAINST JOHN W. CROTTY OF THE PO-LICE DEPARTMENT OF THE VILLAGE OF EAST ALTON—(John W. Crotty, Petitioner-Appellant and Cross-Appellee, *v.* Board of Fire and Police Commissioners of the Village of East Alton, Defendant-Appellee and Cross-Appellant).

Fifth District   No. 82—101

Opinion filed May 11, 1983.

David L. Blunt, of Paul L. Pratt, P.C., of East Alton, for appellant.

James Schrempf, of Alton, and Thomas F. McGuire, of Long Grove, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

John W. Crotty appeals from the denial of his complaint for administrative review in the circuit court of Madison County. In his complaint, Crotty alleged that he was wrongfully discharged from his position as sergeant of police of the village of East Alton, Illinois, by defendant, Board of Fire and Police Commissioners of the village of East Alton (the Board). The Board has cross-appealed, contending that the circuit court was without jurisdiction of the cause due to Crotty's failure to timely commence administrative review as required by section 4 of the Administrative Review Act (the Act) (Ill. Rev. Stat. 1979, ch. 110, par. 267).

The Board discharged Crotty by order dated November 17, 1979.

An affidavit by counsel for the Board, which is included in the record on appeal, states that a copy of the November 17, 1979, order was hand-delivered by the affiant to Crotty or his counsel on the same date. That statement is not contradicted of record. On November 27, 1979, Crotty filed his motion in the circuit court for an extension of time in which to file his complaint for administrative review. The motion recited the date and nature of the Board's order of November 17, stated that no transcript of the hearing before the Board was available, and alleged that Crotty could not "adequately perfect his Appeal" of the Board's decision without access to a transcript. The motion sought an extension of 35 days from the date upon which the transcript was received in which to file the administrative review complaint. The motion did not refer to the issuance of a summons. The record indicates that a copy of the motion for extension of time was served upon both Police Chief George Michael Urban and counsel for the Board on November 26, 1979. The circuit court's order granting the extension was filed November 29, 1979. Crotty's complaint for administrative review was filed in the circuit court on May 30, 1980. Summons issued June 13, 1980. The Board and Chief Urban moved to dismiss Crotty's petition as being untimely. The Board sought leave to appeal to this court from the denial of its motion to dismiss. Leave to appeal was denied. After a hearing, Crotty's discharge was affirmed; and this appeal followed.

■■ The Board urges that the trial court did not have jurisdiction of the cause because of plaintiff's failure to comply with section 4 of the Act.

Section 4 of the Act provides in part:

> "Commencement of action. Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1979, ch. 110, par. 267.)

Unless review is sought "within the time and in the manner" provided in the Act, the parties to the proceeding before the administrative agency are "barred from obtaining judicial review" of such decision. Ill. Rev. Stat. 1979, ch. 110, par. 265.

■■ The 35-day limit for filing a complaint for administrative review has been held to be jurisdictional. (*People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108, 1111, 420 N.E.2d 1043, 1046; *Hoffman v. Illinois Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 924, 410 N.E.2d 291, 293.) Further,

the Act being an innovation and departure from the common law, the procedures it establishes must be pursued in order to justify its application. (*Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595, 95 N.E.2d 864, 869.) One of the purposes of the Act was to eliminate conflicting and inadequate common law remedies for the judicial review of decisions of administrative agencies and the substitution therefor of a single uniform and comprehensive remedy. *People ex rel. Goldfarb v. White* (1964), 54 Ill. App. 2d 483, 491, 203 N.E.2d 599, 603.

■ We conclude that the proper interpretation of section 4 of the Act, in light of the above authorities, is that the motion for extension of time in which to file a complaint for administrative review and the granting thereof did not effectively extend the time for the jurisdictional requirement of the filing of the complaint and the issuance of summons. The circuit court should have dismissed the complaint upon the Board's motion. *Cf. Smith v. Toman* (1938), 368 Ill. 414, 419-20, 14 N.E.2d 478, 481 (observing in *dictum* that where the very enactment which creates the cause of action provides in express terms for the period of its existence, such period is not a statute of limitations, the court having no power to extend its life).

■ Crotty relies upon Supreme Court Rule 183 as authorizing an extension of time in which to file a complaint for administrative review. (87 Ill. 2d R. 183.) Rule 183, which is expressly applicable to the Act (87 Ill. 2d R. 291(d)), permits a court for good cause shown to extend the time for filing any pleading or the doing of any act which is required "by the rules" to be done within a limited period. However, we know of no authority for application of Rule 183 to the initial institution of proceedings in administrative review or otherwise. To the contrary, it appears that Rule 183 is intended to apply to suits already commenced and in existence, as evidenced by Rule 183's reference to "notice to the opposite party." There can be no "parties" to a suit not yet commenced. Further, Rule 183 permits the extension of the time for filing any pleadings or the doing of any act required by the rules. The specified time for the commencement of every action for review of an administrative decision is a statutory enactment and not a supreme court rule; therefore, Rule 183 is not applicable in the manner suggested by plaintiff. *Cf.* Supreme Court Rule 1 (87 Ill. 2d R. 1); *Stephens v. Kasten* (1943), 383 Ill. 127, 134, 48 N.E.2d 508, 511.

Additionally, Rule 183 requires that an extension granted be for "good cause shown." Good cause was not shown here. Unavailability of the transcript could not be good cause, because it was the Board's

duty to file the transcript as a part of its answer on Crotty's request. (Ill. Rev. Stat. 1979, ch. 110, pars. 270, 272(b).) No other cause is suggested by Crotty.

■ A fundamental defect in the motion for extension of time and the order granting it is the failure of either to satisfactorily account for the absence of service of the summons as required by section 4 of the Act. (Ill. Rev. Stat. 1979, ch. 110, par. 267.) Crotty argues that if the Board filled Crotty's position on the police force prior to his complaint, such was done with ample notice of his intent to fight for his job before a circuit judge. We believe that under section 4 of the Act, the opposite is true. When 35 days passed and the Board still had not been served with summons and a copy of a complaint, the Board was entitled to conclude that its decision to discharge Crotty was final. It has been held that the failure to meet the deadline for issuance of summons by as little as one day requires dismissal of a complaint for administrative review. *Cox v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 704, 709, 437 N.E.2d 1277, 1281.

Crotty also argues that the Board waived the issue of compliance with section 4 of the Act by entering general appearances in the trial court. However, as we have observed, the infirmity in this regard in the case at bar is jurisdictional. Unlike personal jurisdiction, subject matter jurisdiction cannot be waived. *Volkmar v. State Farm Mutual Automobile Insurance Co.* (1982), 104 Ill. App. 3d 149, 151, 432 N.E.2d 1149, 1151.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed; and, by virtue of our authority under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), plaintiff's complaint is dismissed.

Reversed and complaint dismissed.

JONES and KARNS, JJ., concur.