FREDMAN BROTHERS FURNITURE CO., INC., Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Third District No. 3—83—0349

Opinion filed November 30, 1984.

STOUDER, P.J., dissenting.

Herbert I. Fredman, of Collinsville, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Scott D. Spooner, Assistant Attorney General, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

This cause has come before this court for a second time. In 1979 the Department of Revenue issued a notice of tax liability to Fredman Brothers Furniture Company (Fredman) for the period January 1, 1976, through December 31, 1978, and following an administrative hearing, the Department issued its final assessment finding that Fredman owed $12,403.78 in taxes, penalties, and interest. The assessment was issued on August 24, 1981, and was received by Fredman on August 26, 1981. Pursuant to section 4 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 443), Fredman filed a request for rehearing on September 24, 1981, which was denied on October 15, 1981.

On November 19, 1981, Fredman filed a complaint for judicial review of the Department's final assessment in the circuit court of Peoria County. The court subsequently dismissed the complaint because Fredman failed to post bond within 20 days as required by section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451). Fredman appealed, and this court reversed the dismissal and remanded the cause with directions that Fredman be granted a review of the assessment in the circuit court. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1982), 110 Ill. App. 3d 479, 442 N.E.2d 627.) Upon remand, the Department filed another motion to dismiss the complaint, this time on the ground that the circuit court lacked subject-matter jurisdiction to review the August 24, 1981, final assessment because Fredman had failed to file its complaint for administrative review within the time allowed by statute. Under former section 267 of the Administrative Review Act (now a part of article III of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—103)), an action to review a final administrative decision must be commenced by filing a complaint within 35 days from the date a copy of that decision is served upon the party affected. Here the complaint was filed on November 11, 1981, more than 35 days after August 26, 1981, the date when Fredman received the order. The trial court granted the Department's motion to dis-

miss, and Fredman appeals that ruling.

 Taxpayer Fredman contends that the trial court ignored the mandate of this court to grant taxpayer review of the disputed assessment and that the jurisdiction issue was waived when it was not raised during the previous appeal. The Department relies upon the rule that lack of jurisdiction of the parties or the subject matter "can be raised at any time, in any court, either directly or collaterally." (*Dorr-Wood, Ltd. v. Department of Public Health* (1981), 99 Ill. App. 3d 170, 173, 425 N.E.2d 499, 501. See also *City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154.) We believe the words "at any time, in any court" would include in the circuit court following a remand from the appellate court. The mandate of this court directing the trial court to proceed to review the assessment was, of course, based on the assumption that the circuit court had jurisdiction of the subject matter. Accordingly, we hold that it was proper for the trial court to entertain the Department's objection to jurisdiction.

Although not urged by the parties to this appeal, the dissent to this opinion takes the view that the 35-day limit for commencing judicial review of an administrative decision is a statute of limitations, not a jurisdictional requirement, and, therefore, is a defense that can be waived. We believe that the law of Illinois is to the contrary. The 35-day limit has been held to be a jurisdictional requirement. *People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108, 420 N.E.2d 1043; *Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 410 N.E.2d 291; *Johnson v. State Police Merit Board* (1968), 99 Ill. App. 2d 458, 241 N.E.2d 468.

Fredman also argues that our decision in the first appeal of this cause was final as to all questions which were raised and also all issues which could have been raised. As we have indicated, the prevailing rule is that a challenge to jurisdiction of the subject matter is always timely and can be raised at any stage of the proceeding, even upon remand following an appeal.

 Next Fredman argues that the Department's "final assessment" was not a final administrative decision subject to judicial review until 35 days after the request for rehearing was denied. The time for seeking judicial review is set forth in section 3—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—101), which states:

> "In all cases in which a statute or a rule of the administrative agency requires or permits an application for a rehearing *** to be filed within a specified time (as distinguished from a stat-

ute which permits the application for rehearing *** to be filed at any time before judgment by the administrative agency against the applicant or within a specified time after the entry of such judgment), and an application for such rehearing *** is made, no administrative decision of such agency shall be final as to the party applying therefore until such rehearing *** is had or denied."

Thus, the determining factor as to the finality of the administrative decision is whether the Retailers' Occupation Tax Act permits application for rehearing within a specified time. The applicable provision of that act is found in section 4 (Ill. Rev. Stat. 1981, ch. 120, par. 443), which states, in part:

"After the issuance of a final assessment, or a notice of tax liability which becomes final without the necessity of actually issuing a final assessment as hereinbefore provided, the Department, at any time before such assessment is reduced to judgment, may (subject to rules of the Department) grant a rehearing *** upon the application of the person aggrieved."

Thus, it is clear in this case the statute does not provide a specified time within which application for rehearing must be filed, but rather permits such application at any time before the assessment is reduced to judgment. Section 3—101 of the Code of Civil Procedure covers the instant situation, as follows:

"However, if the particular statute permits an application for rehearing *** to be filed with the administrative agency for an indefinite period of time after the administrative decision has been rendered (*such as permitting such application to be filed at any time before judgment by the administrative agency against the applicant ****), then the authorization for the filing of such application for rehearing or review shall not postpone the time when the administrative decision as to which such application shall be filed would otherwise become final, but the filing of the application for rehearing *** in this type of case shall constitute the commencement of a new proceeding before such agency, and the decision rendered in order to dispose of such rehearing *** shall constitute a new and independent administrative decision." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110, par. 3—101.)

The statute goes on to specify how judicial review may be obtained from the denial of a rehearing in such a case.

Since the Retailers' Occupation Tax Act provides for an indefinite period for application for rehearing, the 35-day period for filing a

complaint for judicial review began to run on August 26, 1981. Fredman's complaint filed on November 11, 1981, was barred under section 3—101. Although this result may at first blush seem harsh, we believe it is compatible with the well-recognized legislative policy of insuring the financial solvency of State and local governments by facilitating the collection of taxes. Rather than permit a taxpayer to delay payment of taxes indefinitely by seeking rehearings of administrative rulings, the legislature in its wisdom has imposed reasonable time limitations upon the aggrieved taxpayers.

In *People v. Scudder Buick, Inc.* (1971), 47 Ill. 2d 388, 266 N.E.2d 324, the Illinois Supreme Court ruled that an administrative decision by the Department of Revenue was not final until the application for rehearing was disposed of and, therefore, that the 35-day period for judicial review does not begin to run while the application for rehearing is pending. However, *Scudder Buick* does not aid Fredman, because that case involved the assessment of capital stock taxes, and the applicable rule of the Department of Revenue provided that applications for rehearing must be filed within five days after the decision has been rendered and notice given. Consequently, *Scudder Buick* was controlled by the provision of section 3—101 involving a specified time for application for rehearing. The instant case is not.

Fredman cites *Danison v. Paley* (1976), 41 Ill. App. 3d 1033, 355 N.E.2d 230, in support of its contention that the decision was not final and reviewable until the application for rehearing was denied. Actually, *Danison* involved a situation where the plaintiff did not file an application for rehearing, and the court ruled that the administrative decision was final since no rehearing was sought. The court also stated that it is not necessary to file an application for rehearing in order to exhaust administrative remedies.

■ Fredman also claims that it has appealed from the denial of the application for rehearing as an alternative to its appeal from the final assessment. However, the complaint for judicial review, as amended, does not by its language purport to seek review of the denial of the rehearing. The prayer for relief is limited to a request for a review of the final assessment, and, although the application for rehearing is mentioned in the complaint as a part of the history of the proceeding, mere reference does not entitle the taxpayer to a review of that ruling. We also note that section 3—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 3—101) specifies that the record upon judicial review of the denial of an application for rehearing shall be limited to the application for rehearing and the order denying such application "and shall not include the record of proceed-

ings had before the rendering of the administrative decision as to which the application for rehearing *** shall have been filed unless the suit for judicial review is commenced within the time in which it would be authorized by this Act to have commenced if no application for rehearing *** had been filed." Under this provision, the taxpayer cannot obtain review of the final assessment by means of judicial review of the denial of its application for rehearing in any event.

As we have indicated, we believe the trial court did not err in ordering the dismissal of Fredman's complaint.

Affirmed.

HEIPLE, J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully dissent from the majority opinion, primarily because I believe that the majority's interpretation of the statute, specifically section 3—101 of the Code of Civil Procedure, produces an untenable result. Reading the statute to require judicial review while rehearing is pending before the administrative agency makes a mockery of the rehearing procedure provided for in the Retailers' Occupation Tax Act. However, before discussing what I feel are the faults of the majority's reading of section 3—101, I will add that, while I agree that the circuit court had a right to review the timeliness of the taxpayer's request for judicial review, I disagree that it was appropriately considered because of a lack of subject-matter jurisdiction.

The matter of timeliness may be properly considered when raised in the trial court prior to a trial on the merits of the case, and there is no mandate that timeliness be raised at the first possible opportunity to do so. Consequently, timeliness may properly be raised as a defense in the opposing party's answer. This does not, however, make the question of timeliness a jurisdictional matter, as the majority maintains. Too often, in my opinion, the word "jurisdiction" is misused and certainly overused. The time-bar of the statute of limitations does not deprive a court of jurisdiction. The statute of limitations operates to extinguish the remedy, not to extinguish the cause of action itself, and is said to be a rule of convenience. (See 51 Am. Jur. 2d *Limitation of Actions* sec. 13 (1970).) When errors are not jurisdictional they can be waived, as is certainly true with the statute of limitations. Furthermore, when an error can be waived it is not jurisdictional. The failure to raise error should not disturb the finality of a decision.

The majority cites *Dorr-Wood, Ltd. v. Department of Public Health* (1981), 99 Ill. App. 3d 170, 425 N.E.2d 499, for the proposition that subject matter jurisdiction can be raised "at any time in any court either directly or collaterally." I agree with this statement; however, *Dorr-Wood* involved a situation where the Administrative Review Law was found not applicable. This, in my mind, is a question of subject-matter jurisdiction and differs from this case, where the Revenue Act explicitly adopts the Administrative Review Law (see Ill. Rev. Stat. 1983, ch. 120, par. 451), and the reviewability of its decisions is unquestionable.

I, therefore, would have held that even if review of this matter were time barred by statute, at least its reviewability is unquestionable, and, because it is reviewable, the circuit court did not lack subject-matter jurisdiction. The question of timeliness is a potential bar to review and could be properly raised in the trial court, but I do not believe that the failure to timely file deprives the reviewing court of jurisdiction. Such cases as *People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108, 420 N.E.2d 1043, *Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 410 N.E.2d 291, and *Johnson v. State Police Merit Board* (1968), 99 Ill. App. 2d 458, 241 N.E.2d 468, illustrate the use of jurisdictional language in cases where the timeliness of the filing does not raise the crucial issue of jurisdiction. In fact, the predicate case *Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, 154 N.E.2d 691, does not characterize the timeliness in seeking judicial review as being jurisdictional. Article VI, section 9, of the 1970 Constitution is general in its conferral of jurisdiction (Ill. Const. 1970, art. VI, sec. 9) upon the circuit courts of Illinois. Subject-matter jurisdiction, *i.e.*, the general power to hear controversies of the type presented here, clearly exists by virtue of constitutional and statutory authority.

The majority's interpretation of sections 3—101 and 3—103 of the Administrative Review Law requires judicial review of an administrative decision while rehearing before the Department of Revenue is still pending. This result is ludicrous and contravenes several major tenets of administrative law. I would have interpreted the statute to require that the action for review be commenced within 30 days after the rehearing procedure has terminated, so long as the rehearing procedure is instituted within 35 days after the final assessment has been served upon the taxpayer. This interpretation both furthers the goals of exhaustion and finality and still expedites the collection of revenues which the majority recognizes as an important goal of the legislature.

To sustain the holding of the majority would require the taxpayer to (1) institute judicial review when all administrative remedies have not yet been exhausted; (2) to seek judicial review when the decision of the administrative agency is not final, and (3) would permit simultaneous administrative and judicial review. The legislature has seemingly cleverly avoided these problems by designating all administrative rehearing procedures when "the particular statute permits an application for rehearing *** to be filed with the administrative agency for an indefinite period of time" as "new proceeding[s]." (Ill. Rev. Stat. 1983, ch. 110, par. 3—101.) Merely appending a new label to rehearing proceedings does nothing to change their character or the fact that the statute clearly authorizes judicial review of nonfinal administrative determinations. If it is a rehearing procedure in terms of function served, it is a continuation of the administrative process, not a new proceeding.

It is the general rule in Illinois that administrative remedies must be exhausted before resort to judicial review is had to challenge an administrative decision, except where multiple remedies exist before the same administrative agency and at least one has been exhausted, where irreparable harm will result from further pursuit of administrative remedies, or where it would be patently useless to seek relief before the administrative agency. (*Graham v. Illinois Racing Board* (1979), 76 Ill. 2d 566, 394 N.E.2d 1148.) I believe that once Fredman Brothers made an application for a rehearing within 35 days after the final assessment, as is authorized in the statute, its administrative remedies were not exhausted, and, therefore, the 35-day limitation period to seek judicial review did not begin to run until Fredman Brothers was either granted or denied a rehearing. Any other interpretation is inconsistent with the concept of finality in administrative review.

Undeniably, section 3—101 states that when there is an indefinite time allowed for making application for rehearing, this does not postpone the time when the administrative decision would otherwise become final. Common sense dictates that in terms of finality the assessment is not truly final until the application for rehearing is denied or, if the application is granted, when the Department issues its new assessment based on the outcome of the rehearing. That part of section 3—101 dealing with an indefinite time to apply for rehearing is ambiguous and should be held unenforceable and of no effect; otherwise, the legislature will have left us with another of Justice Cardozo's famous "Serbonian Bogs."

To read section 3—101 as the majority does negates the adminis-

trative rehearing procedure provided for in the Revenue Act and clearly does not give effect to the true intent of the legislature, whose intention was to provide a rehearing procedure for proceedings under the Retailers' Occupation Tax Act.

I would reverse the circuit court and hold that the taxpayer's request for judicial review was timely filed and he is, therefore, entitled to an adjudication on the merits.