RAUL CASTANEDA, Petitioner, v. THE HUMAN RIGHTS COMMISSION
*et al.*, Respondents.

First District (5th Division)    No. 87—2722

Opinion filed September 30, 1988.

Susan P. Malone, of Chicago, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Diane Curry-Grapsas, Assistant Attorney General, of counsel), for respondent Human Rights Commission.

Gerald D. Skoning and Carl E. Johnson, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for respondent Corroon & Black of Illinois.

JUSTICE SULLIVAN delivered the opinion of the court:

Pursuant to section 8—111 of the Illinois Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 8—111), and article III of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*), petitioner, Raul Castaneda, appeals from an order and decision

of a panel of the Illinois Human Rights Commission dismissing with prejudice his complaint of discrimination against respondent, Corroon & Black of Illinois. Petitioner contends that a default judgment should have been entered against respondent for violating various discovery orders and that the decision was against the manifest weight of the evidence.

Upon our review of the record, we have determined that this appeal must be dismissed because of petitioner's failure to exhaust his administrative remedies. Accordingly, we do not reach the merits of the appeal.

The procedural history of this cause may be briefly summarized—petitioner, a native of Mexico, was employed as a senior vice-president with respondent, an insurance broker, until he was terminated on or about December 30, 1982. On February 14, 1983, he filed a charge of discrimination with the Illinois Department of Human Rights which, on December 14, 1983, filed a complaint against respondent, alleging violations of petitioner's civil rights.

Following an extensive evidentiary hearing, an administrative law judge found that respondent had not discriminated against petitioner on account of his national origin and recommended that the complaint be dismissed in its entirety. Petitioner filed exceptions to the recommended order and decision with the Illinois Human Rights Commission. On July 30, 1987, a three-member panel of the Commission entered an order and decision adopting the recommendations of the administrative law judge and dismissing with prejudice petitioner's complaint. From that decision, petitioner appealed directly to this court without first seeking rehearing by the entire Commission.

■ The doctrine of exhaustion of administrative remedies provides that "a party aggrieved by administrative action ordinarily cannot seek review in the courts without first pursuing all administrative remedies available to him." (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358, 326 N.E.2d 737.) This doctrine has been developed to allow the full development of the facts before the agency; to allow the agency an opportunity to utilize its expertise; and to permit the aggrieved party to succeed before the agency, rendering judicial review unnecessary. 60 Ill. 2d at 358.

■ Section 8—107(F)(1) of the Illinois Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 8—107(F)(1)) states in pertinent part that "[w]ithin 30 days after service of the Commission's order, a party may file an application for rehearing before the full Commission." No such application was filed in the case at bar. Although there is contrary authority (see *Jackson Park Yacht Club v. Department of Local*

*Government Affairs* (1981), 93 Ill. App. 3d 542, 548-49, 417 N.E.2d 1039; *Danison v. Paley* (1976), 41 Ill. App. 3d 1033, 1036-37, 355 N.E.2d 230), the weight of authority and, in our judgment, the better authority holds that "[i]f there is an agency rule or statute which provides for a rehearing, then an agency decision is not appealable until the aggrieved party requests rehearing and his petition is denied." *(Consolidation Coal Co. v. Department of Labor* (1985), 138 Ill. App. 3d 541, 544, 485 N.E.2d 1102. Accord *Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 924, 410 N.E.2d 291; *Oliver v. Civil Service Comm'n* (1967), 80 Ill. App. 2d 329, 333, 224 N.E.2d 671. See also *Reiter v. Neilis* (1984), 125 Ill. App. 3d 774, 778, 466 N.E.2d 696; *Condell Hospital v. Health Facilities Planning Board* (1987), 161 Ill. App. 3d 907, 929-30, 515 N.E.2d 750.) Petitioner, however, did not seek rehearing before the entire Commission and thus failed to exhaust his administrative remedies.

Our supreme court has recognized certain exceptions to the rule that all administrative remedies must be exhausted prior to judicial review. The stated exceptions to this rule are where an ordinance or statute is attacked as unconstitutional in its entirety; where multiple remedies exist before the same administrative agency and at least one has been exhausted; where irreparable harm will result from further pursuit of administrative remedies; where it would be patently useless to seek relief before the administrative agency; or where an administrative rule is challenged on its face as not being authorized by the agency's enabling legislation. *(Graham v. Illinois Racing Board* (1979), 76 Ill. 2d 566, 573, 394 N.E.2d 1148; *City of Chicago v. Illinois Commerce Comm'n* (1980), 79 Ill. 2d 213, 217, 402 N.E.2d 595.) In our judgment, only the second and fourth exceptions require discussion.

Under section 3—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 3—101), where, as here, a statute allows an application for rehearing only if it is filed within a specified time, the filing of such application does not constitute the commencement of a new proceeding before the agency, but a continuation of the original one—the right to request rehearing is not a separate or second remedy. *(Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 213-14, 486 N.E.2d 893 (by implication).) By not seeking rehearing before the entire Human Rights Commission within 30 days of the panel decision, petitioner failed to exhaust even one administrative remedy. It might also be argued that it would have been futile for petitioner to seek further relief from the Commission. The exhaustion requirement, however, cannot be avoided simply be-

cause relief may be, or even probably will be, denied by the agency. *Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, 89, 383 N.E.2d 964.

In sum, we find that petitioner failed to exhaust his administrative remedies by not requesting a rehearing of the panel decision by the entire Illinois Human Rights Commission. Although neither respondent nor the Commission has raised this issue in its brief or by motion, we note that "it is proper to dismiss an action, *sua sponte*, where a party fails to pursue, first, all administrative remedies available to him." (*McKenna v. Board of Trustees of the University of Illinois* (1980), 90 Ill. App. 3d 992, 998, 414 N.E.2d 123, citing *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358, 326 N.E.2d 737.) Dismissal is appropriate because the exhaustion of remedies rule is "the counterpart of the procedural rule which, with certain exceptions, precludes appellate review prior to a final judgment in the trial court." 60 Ill. 2d at 358.

For the foregoing reasons, we dismiss petitioner's petition for review.

Appeal dismissed.

LORENZ, P.J., and MURRAY, J., concur.