DECATUR AUTO AUCTION, INC., Plaintiff-Appellant, v. MACON COUNTY FARM BUREAU, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0846

Argued December 15, 1993.—Opinion filed December 30, 1993.

James C. Economy (argued), of Decatur, for appellant.

Richard L. Heavner (argued), of Heavner, Handegan & Scott, of Decatur, for appellee Macon County Fair Association.

Evan H. Johnson, of Winters, Prince, Featherstun, Johnson & Gaumer, of Decatur, for appellee Macon County Farm Bureau, Inc.

Jeffrey C. Taylor, of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Decatur, for appellee Macon County Horseman's Association.

JUSTICE GREEN delivered the opinion of the court:

On August 10, 1993, plaintiff, the Decatur Auto Auction, Inc., brought suit in the circuit court of Macon County against defendants, the Macon County Fair Association (Fair), Macon County Farm Bureau (Farm Bureau), and the Macon County Horseman's Association (Horseman's). The complaint sought injunctive and monetary relief in regard to dust which was allegedly blowing onto plaintiff's property from contiguous property owned by Farm Bureau, leased to Fair, and under license from Fair, used by Horesman's as an open dirt race-track. A motion for a temporary restraining order (TRO) and a preliminary injunction accompanied the complaint. On August 30, 1993, the court heard evidence on the request for a preliminary injunction and, on September 17, 1993, entered an order denying relief. Plaintiff has appealed pursuant to Supreme Court Rule 307 (134 Ill. 2d R. 307). We affirm.

The order on appeal stated that the circuit court refused to grant interlocutory injunctive relief for reasons as follows:

"1. The Plaintiff has failed to exhaust his administrative remedies.

2. That the Plaintiff has failed to show that there is a strong probability that he will succeed on the merits.

3. That the Defendants were at the location prior to the Plaintiff purchasing the adjoining land.

4. That in the Court's discretion, equitable relief should not be granted at this time prematurely."

On appeal, plaintiff maintains (1) it was not required to exhaust its administrative remedies; (2) it proved a strong probability of success; (3) defendants' earlier occupation of the premises was immaterial; and (4) the court breached its discretion in denying relief. We hold that plaintiff was required to exhaust its administrative remedies and

failed to do so. That failure was fatal to its case and we need not discuss other issues.

Plaintiff contended that (1) it held auto auctions twice a week on its premises; (2) dealers from throughout the State brought automobiles there to be sold at those auctions; (3) use of the racetrack created "airborne particulate matter" which blew onto the vehicles, detracting from their salability; (4) this dusting of those vehicles had caused many dealers to refuse to participate in the auctions; and (5) appropriate treatment of the track by defendant with available chemicals would cure the situation. The preliminary injunction sought would have prevented defendants from using the racetrack without prior application of appropriate chemical treatment to eliminate substantial diffusion of dust.

■ Defendants maintain that the cause of action which plaintiff sought to bring arose out of section 45(b) of the Illinois Environmental Protection Act (Act), which states as follows:

> "Any person adversely affected in fact by a violation of this Act or of regulations adopted thereunder may sue for injunctive relief against such violation. *However, except as provided in subsection (d), no action shall be brought under this Section until 30 days after the plaintiff has been denied relief by the* [Illinois Pollution Control] *Board in a proceeding brought under subsection (b) of Section 31 of this Act.* The prevailing party shall be awarded costs and reasonable attorneys' fees." (Emphasis added.) (415 ILCS 5/45(b) (West 1992).)

Subsection (d) of section 45 of the Act is not applicable here. Section 45(a) of the Act states that "[n]o existing civil or criminal remedy for any wrongful action shall be excluded or impaired by this Act." (415 ILCS 5/45(a) (West 1992).) Undisputedly, plaintiff had not been denied relief by the Board. Defendants maintain that plaintiff's failure to comply with section 45(b) of the Act prevents them from being entitled to relief. We agree.

■ The supreme court has stated, and this court has held, that the Act does not prohibit a suit being brought for common law nuisance. (See *City of Monmouth v. Pollution Control Board* (1974), 57 Ill. 2d 482, 485, 313 N.E.2d 161, 163, citing *City of Aurora v. Burns* (1925), 319 Ill. 84, 149 N.E. 784; *Tamalunis v. City of Georgetown* (1989), 185 Ill. App. 3d 173, 183, 542 N.E.2d 402, 409.) One prong of plaintiff's argument on appeal is that its motion for preliminary injunction can and should be taken as a request for relief from a common law private nuisance. The other phase of its position is that it

was excused from exhausting its administrative remedies because of inaction by the administrative agency involved.

Plaintiff's motion for a preliminary injunction contains 33 paragraphs of allegations. None state the plaintiff was subject to or seeking protection from a common law nuisance. Paragraph 32 of the motion emphasizes that certain portions of the Act provide that penalties for violation of the Act can be sought in a civil action. Four other paragraphs complain of violations of the Act. Count I of the complaint, which seeks an injunction, similarly complains of violations of the Act. Prior to the presentation of evidence at the hearing on August 16, 1993, the court asked plaintiff's counsel whether the suit was brought to remedy a nuisance, and that counsel responded "[i]t is not." Plaintiff's counsel then stated that it was relying on "a specific statutory violation." Plaintiff raised the theory that it was seeking protection for a common law nuisance for the first time on August 30, 1993. On that date the parties, having failed to reach agreement, met in court to hear the ruling of the circuit court.

Plaintiff points out that its motion for interlocutory relief did allege (1) it was suffering irreparable damage; (2) it had no remedy at law; and (3) it was likely to succeed on the merits. These are elements necessary to obtain a preliminary injunction to abate a nuisance but need not be shown in order to obtain a preliminary injunction to restrain activity which is a violation of the Act. (*People v. Keeven* (1979), 68 Ill. App. 3d 91, 97, 385 N.E.2d 804, 808.) These allegations are insufficient to designate the motion as a request to enjoin a common law nuisance particularly where, as here, plaintiff maintained it was relying on statutory violations as its basis for relief until after all the evidence had been presented, and the parties were awaiting a ruling.

The fact that the circuit court made findings which would also negate preliminary relief from a common law nuisance upon hearing that plaintiff was asking for that relief does not strengthen plaintiff's position. The circuit court's order first set forth plaintiff's failure to seek relief under the administrative procedures stated in the Act. (415 ILCS 5/31(b) (West 1992).) The court then made additional findings which would defeat plaintiff's cause for interlocutory relief even if plaintiff had properly charged a common law nuisance. Defendants were entitled to rely upon the nature of plaintiff's allegations and plaintiff's counsel's oral representation of the theory upon which it would proceed.

■ Explanation of plaintiff's other contention begins with the operation of section 31(b) of the Act, which states in part that "[a]ny

person may file with the [Pollution Control Board] a complaint, meeting the requirements of subsection (a) of this Section, against any person allegedly violating this Act or any rule or regulation thereunder." (415 ILCS 5/31(b) (West 1992).) Section 31(b) then provides for a hearing on the complaint unless the Pollution Control Board deems the complaint frivolous or duplicitous. Phillip S. Polen, an agent of plaintiff, testified he had extensive negotiations with defendants covering the problems of the dust settling on automobiles parked on plaintiff's premises and had attempted to get help from the office of the Illinois Attorney General. According to this witness, he was told by personnel of that office that they were too busy to help plaintiff and that plaintiff should, itself, take whatever action was necessary.

Plaintiff also presented testimony of an employee of the Illinois Environmental Protection Agency who had made some investigation of the condition of the racetrack and had concluded that some regulatory violations existed. Citing *Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 547 N.E.2d 437, *Midland Enterprises, Inc. v. City of Elmhurst* (1992), 226 Ill. App. 3d 494, 589 N.E.2d 1019, and *Constantine v. Village of Glen Ellyn* (1991), 217 Ill. App. 3d 4, 575 N.E.2d 1363, plaintiff asserts that it was excused from exhausting its administrative remedies because to do so would have been futile.

In *Castaneda* an employee filed a charge of unlawful discrimination against his employer before the Illinois Department of Human Rights which, in turn, filed a complaint on behalf of the employee before the Illinois Human Rights Commission (Commission). A three-member panel of the Commission ruled against the employee, who then sought review in the appellate court. That court *sua sponte* dismissed the petition for review, because the employee had failed to exhaust his administrative remedies by requesting a review by the full Commission as required by statute. (*Castaneda v. Human Rights Comm'n* (1988), 175 Ill. App. 3d 1085, 1086, 530 N.E.2d 1005, 1006, citing Ill. Rev. Stat. 1987, ch. 68, par. 8—107(F)(1).) The supreme court granted leave to appeal and affirmed.

In the *Castaneda* opinion, the supreme court explained that, ordinarily persons seeking judicial review of decisions of administrative agencies cannot do so without first exhausting remedies within the administrative agency from which review is sought, but certain exceptions existed. Those exceptions included situations where (1) the agency could not provide an adequate remedy, (2) seeking ruling was "patently futile," and (3) irreparable harm would "result from further

pursuit of administrative remedies." *Castaneda*, 132 Ill. 2d at 308-09, 547 N.E.2d at 439.

Notably, the issue in *Castaneda* concerned exhaustion of remedies within an administrative agency before seeking judicial review of the ruling of that agency. Here, the issue under consideration concerns the requirement of exhausting administrative remedies before filing a separate suit for relief from the circuit court. That was also the question in *Midland Enterprises*. There, a land developer had obtained a permit from the Illinois Department of Transportation, Division of Water Resources (DWR), to build certain structures in a flood plain. The permit contained certain restrictions, and the developer exceeded those restrictions in erecting a berm and a lift station for a water course. The appellate court held that the trial court erred in dismissing a request by DWR for injunctive relief.

The *Midland Enterprises* court reasoned that the administrative action in granting the permits with conditions was a final administrative action, and the developer should have taken review under section 3—102 of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—102) in order to challenge the validity of the restrictions and prevent the restrictions from being binding. As the DWR determination of the restrictions was *res judicata*, DWR was entitled to injunctive relief under section 18f of the Rivers, Lakes, and Streams Act (Ill. Rev. Stat. 1987, ch. 19, par. 65f).

The *Midland Enterprises* court recognized an exception to the exhaustion of remedies doctrine, particularly "where administrative review would be futile or where irreparable harm would be caused from a delay to pursue administrative remedies." (*Midland Enterprises*, 226 Ill. App. 3d at 501-02, 589 N.E.2d at 1024.) There, as in *Castaneda*, the statement of exception to the exhaustion rule was *dictum*. Such was not the case in *Constantine*. There, plaintiff landowners had been denied a building permit by a municipal building and zoning official. Municipal ordinances purported to provide an appeal procedure for plaintiffs to follow, but they brought action for a writ of *mandamus* to obtain the permit. The appellate court held those plaintiffs were not required to follow the purported ordinance procedure which did not provide for a final administrative order and would thus be futile. The opinion warned that any futility exception to the exhaustion doctrine is extremely narrow. *Constantine*, 217 Ill. App. 3d at 14-15, 575 N.E.2d at 1370-71.

The facts upon which plaintiff relies here to invoke an exception of the exhaustion doctrine fall far short of the mark. Plaintiff introduced evidence that a person from the Attorney General's office had

indicated that office was too busy to bring action against defendants. The likelihood of the existence of such a situation is obviously one of the reasons for the enactment of section 31(b) of the Act, which permits any person to proceed on a complaint before the Pollution Control Board in an individual capacity, which plaintiff did not try to do. No showing was made that the dispute here was substantially different than the normal dispute over alleged environmental damage which the legislature has determined should be brought in the first instance before the Pollution Control Board when not brought by a public official.

We affirm for the reasons stated.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.