CYNTHIA LEE DAVIS, Petitioner-Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents-Appellees.

First District (5th Division)   No. 1—96—0317

Opinion filed February 7, 1997.

L. Steven Platt, of Arnold & Kadjan, of Chicago, for petitioner.

J. Stephen Poor and David S. Baffa, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for respondent J.P. Morgan Futures, Inc.

James E. Ryan, Attorney General, of Chicago (Jacqueline M. Zydeck, Assistant Attorney General, of counsel), for other respondents Human Rights Commission and Department of Human Rights.

JUSTICE SOUTH delivered the opinion of the court:

This appeal arises out of the dismissal of petitioner's complaint by the Illinois Human Rights Commission (Commission) where petitioner, Cynthia Lee Davis (Davis), alleged that the Commission had jurisdiction over her directly filed complaint. The Commission alleged that it lacked jurisdiction under the Illinois Human Rights Act (the Act) because Davis filed her complaint prior to the expiration of the Illinois Department of Human Rights' (Department's) 300-day investigation period as provided by section 7A—102(G)(1) (775 ILCS 5/7A—102(G)(1) (West 1994)) of the Illinois Human Rights Act.

Davis contends that the Commission's order dismissing her complaint was a final order and, therefore, appealable to this court pursuant to Supreme Court Rule 335 (134 Ill. 2d R. 335) and section 3—113 of the Administrative Review Law (735 ILCS 5/3—113 (West 1994)); that the Commission's finding that the 300-day investigation period runs from the date the typed version of the charge was signed, dated and notarized by Davis was erroneous; and that because she relied on information provided by the Department, equitable principles should toll the 30-day window period under the Act during the pendency of this dispute in order to protect her right to file directly with the Commission.

Respondents contend that judicial review is barred under the administrative review law because Davis has petitioned from a nonfinal order of the Commission; that the Commission was correct in determining that the complaint filed by Davis with the Commission was premature and that dismissal without prejudice for lack of jurisdiction was proper; that equitable principles do not apply to the 300-day statutory time limit because the filing of a timely complaint is a jurisdictional prerequisite under the Act; and that the Commission did not abuse its discretion in finding that equitable defenses should not be applied in this context.

Davis was employed by respondent, J.P. Morgan Futures, Inc. (J.P. Morgan). On January 12, 1994, Davis went to the Illinois Department of Human Rights and filled out the Department's "Complainant's Information Sheet" (CIS) alleging that she was harassed and given unequal pay on the basis of her sex. The Department datestamped the CIS and docketed it as received on January 13, 1994.

On January 24, 1994, Davis filed a signed and notarized charge of discrimination with the Department. On February 3, 1994, the Department sent Davis a letter informing her in relevant part:

"[I]f the Department does not complete your case within 300 days from the date you filed your signed and notarized charge (or within any extension of time agreed to in writing by you and the Respondent), you have the right to file your own complaint with the Human Rights Commission, starting on the 301st day (November 10, 1994) and ending on the 330th day (December 9, 1994). If you do not file a complaint, the Department will continue to investigate your charge."

This letter was signed by Derrick Davis, investigations supervisor of the charge processing division of the Department.

On November 16, 1994, Davis filed a verified complaint with the Commission alleging that she was within the 30-day window provided for in section 7A—102(G)(2) (775 ILCS 5/7A—102(G)(2) (West 1994)). On January 11, 1995, the administrative law judge (ALJ) issued an order stating that it was "unclear whether the Complaint had been timely filed." The ALJ asked for briefing on whether the complaint was filed properly within the 30-day window period. Davis filed a memorandum in response to the ALJ's order on January 19, 1995. On October 19, 1995, the ALJ issued a recommended order dismissing the complaint without prejudice because it was filed on day 296, prior to the expiration of the Department's 300-day investigation period, and the Commission lacked jurisdiction. Davis filed exceptions to the ALJ's recommended order and decision. On January 19, 1996, the Commission issued its decision affirming the recommended order and decision of the ALJ. Davis filed her petition for review with this court on January 25, 1996.

On March 5, 1996, respondents filed a motion with this court to dismiss the petition for direct review for want of subject-matter jurisdiction. Davis filed a response to this motion on March 28, 1996. On April 3, 1996, this court issued an order that respondent's motion was taken with the case.

## OPINION

■ As a preliminary matter, this court must determine whether the appellate court has subject-matter jurisdiction to review the Commission's order entered January 19, 1996, dismissing Davis' directly filed complaint. Davis contends that this appeal is brought for direct review of a final order pursuant to Illinois Supreme Court Rule 335 (134 Ill. 2d R. 335) and section 3—113 (735 ILCS 5/3—113 (West 1994)). Supreme Court Rule 335 provides in relevant part:

"The procedure for a statutory direct review of orders of an administrative agency by the Appellate Court shall be as follows:

(a) The Petition for Review. The petition for review shall be filed in the Appellate Court and shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The agency and all other parties of record shall be named respondents." 134 Ill. 2d R. 335.

Section 3—113, "Direct Review of Administrative Orders by the Appellate Court," provides in relevant part:

"(a) Unless another time is provided specifically by the law authorizing the review, an action for direct review of a final administrative decision of an administrative agency by the appellate court shall be commenced by the filing of a petition for review in the appellate court within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision. ***

(b) The petition for review shall be filed in the appellate court and shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The agency and all other parties of record shall be named respondents." 735 ILCS 5/3—113 (West Supp. 1995).

Respondents have filed a motion to dismiss Davis' petition for review. In support of their motion, respondents contend first that Illinois Supreme Court Rule 335 governs petitions for direct review of administrative decisions in the appellate court and makes section 3—101 of the Administrative Review Law applicable to such proceedings. Section 3—101 of the Administrative Review Law defines "administrative decision" for purposes of identifying orders from which judicial review may be sought. That section provides in relevant part:

" '[A]dministrative decision' or 'decision' means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3—101 (West 1994).

Respondents contend that, "since the Department has not yet disposed of the charge, there is no final administrative decision which terminated the proceedings before the Commission from which an appeal can be taken."

Second, respondents contend that Davis failed to request special findings from the Commission, which would permit immediate appeal to the appellate court. The Act provides that a party may request special findings from the Commission that an interlocutory order involves "a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litiga-

514

tion." 775 ILCS 5/8—111(A)(1) (West Supp. 1995) (as amended by Pub. Act 89—348, eff. January 1, 1996).

Third, respondents contend that under the Administrative Review Law, Davis must exhaust all administrative remedies prior to seeking judicial review.

■ Davis brought her charges of discrimination under the Illinois Human Rights Act. 775 ILCS 5/1—101 *et seq.* (West 1994). Section 8—111(A)(1) of the Act provides in relevant part the following for judicial review of actions brought under the Act:

> "Judicial Review. Any complainant or respondent may apply for and obtain judicial review of a final order of the Commission entered under this Act by filing a petition for review in the Appellate Court within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision. If a 3-member panel or the full Commission finds that an interlocutory order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of. the litigation, any party may petition the Appellate Court for permission to appeal the order ***." 775 ILCS 5/8—111(A)(1) (West Supp. 1995) (as amended by Pub. Act 89—348, eff. January 1, 1996).

In determining whether this court has subject-matter jurisdiction, we must first determine whether the January 19, 1996, order entered by the Commission was a final order or an interlocutory order.

■ An administrative agency has no inherent or common law power and may only act in accordance with the power conferred upon it by the legislature. *Rossler v. Morton Grove Police Pension Board,* 178 Ill. App. 3d 769, 773, 533 N.E.2d 927, 930 (1989). The Act (775 ILCS 5/1—101 *et seq.* (West 1994)), which is the source of the Commission's power, does not provide authority to renew the 30-day window once it has expired.

■ In this case, since the 30-day window to file directly with the Commission has expired, and the Act provides no provision for renewal, the order had the force and effect of abridging Davis' property right protected by the fourteenth amendment to the constitution. The Commission has recognized that the right to use its adjudicatory procedures generally, and its 30-day window procedure specifically, is a "property right" protected by the fourteenth amendment to the constitution. See *In re Ruyle,* Ill. Hum. Rts. Comm'n Rep. 1987SF0083, at 5-6 (June 23, 1991), citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 431, 71 L. Ed. 2d 265, 275, 102 S. Ct. 1148, 1155 (1982). The order, although in the form of an interlocutory order, was in

substance a final order appealable under Supreme Court Rule 335 (134 Ill. 2d R. 335) and section 3—113 (735 ILCS 5/3—113 (West 1994)) permitting direct review of administrative orders by the appellate court. The order's force and effect were in the nature of a permanent injunction forever depriving Davis of her recognized property right to exercise the 30-day window provision under the Act.

■ In determining whether a court order may be deemed an injunction for appeal purposes, it is substance, not form, that is controlling, and actions having the force and effect of injunctions are appealable. *In re Asbestos Cases*, 224 Ill. App. 3d 292, 586 N.E.2d 521 (1991). The Illinois Supreme Court has held that "[a]ctions of the circuit court having the force and effect of injunctions are still appealable even if called something else." *In re A Minor*, 127 Ill. 2d 247, 260, 537 N.E.2d 292, 297 (1989). Courts have a policy of broadly construing the meaning of the term "injunction." Courts have described an injunction as "a judicial process, by which a party is required to do a particular thing, *** according to the exigency of the writ, the most common sort of which operate as a restraint upon the party in the exercise of his real or supposed rights." *In re A Minor*, 127 Ill. 2d at 261, 537 N.E.2d at 298. In that respect, the order must impinge upon or restrain a party's rights external to the litigation. For example, in *In re A Minor*, the supreme court determined that the order had the effect of abridging the appellee's first amendment rights.

■ For purposes of appeal, whether an injunction disposes of the entire litigation is not determinative of its permanent or preliminary nature. *Steel City Bank v. Village of Orland Hills*, 224 Ill. App. 3d 412, 586 N.E.2d 625 (1991). Injunction orders that are not limited in duration and that alter the status quo are permanent in nature and are thus final orders for purposes of appeal. *Steel*, 224 Ill. App. 3d 412, 586 N.E.2d 625. The status quo is defined as " 'the last actual, peaceable, uncontested status which [preceded] the pending controversy.' " *Steel*, 224 Ill. App. 3d at 417, 586 N.E.2d at 629, quoting *Martin v. Eggert*, 174 Ill. App. 3d 71, 77, 528 N.E.2d 386, 390 (1988).

■ The record indicates that the January 19, 1996, order is not limited in duration and does not preserve the status quo. Davis forever loses her right to file directly with the Commission. Therefore, the January 19, 1996, order entered by the Commission dismissing Davis' directly filed complaint was a final, not an interlocutory, order. In addition, the determination that the Commission's order is final renders respondents' second contention, that Davis failed to request special findings from the Commission which would permit immediate appeal of an interlocutory order, moot.

■ Respondents' third contention is that, under the Administrative Review Law, Davis must exhaust all administrative remedies prior to seeking judicial review. We disagree. The doctrine of exhaustion of administrative remedies provides that "a party aggrieved by administrative action ordinarily cannot seek review in the courts without first exhausting its administrative remedies available to him." *Castaneda v. Illinois Human Rights Comm'n*, 175 Ill. App. 3d 1085, 1086, 530 N.E.2d 1005, 1006 (1988). The court expressed the reasons for the exhaustion requirement:

"[(1)] to allow the full development of the facts before the agency; [(2)] to allow the agency an opportunity to utilize its expertise; and [(3)] to permit the aggrieved party to succeed before the agency, rendering judicial review unnecessary." *Castaneda*, 175 Ill. App. 3d at 1086, 530 N.E.2d at 1006.

While courts generally require strict compliance with this doctrine, the supreme court has recognized several exceptions. An aggrieved party may seek judicial review of an administrative decision without complying with the exhaustion of remedies doctrine where a statute, ordinance or rule is attacked as unconstitutional on its face; where multiple administrative remedies exist and at least one is exhausted; where the agency cannot provide an adequate remedy or where it is patently futile to seek relief before the agency; where no issues of fact are presented or agency expertise is not involved; where irreparable harm will result from further pursuit of administrative remedies; or where the agency's jurisdiction is attacked because it is not authorized by statute. *Castaneda*, 175 Ill. App. 3d at 1087, 530 N.E.2d at 1006-07. Here, irreparable harm will result from further pursuit of administrative remedies because the 30-day window has expired and there is no provision under the Act for renewing Davis' right to file directly with the Commission. Thus, Davis need not exhaust her administrative remedies.

Furthermore, the issues involved are solely matters of statutory interpretation. Statutory interpretation of terms and legislation establishing administrative agencies and governing their operation is strictly a question of law for determination by courts. *Miller v. Department of Public Aid*, 69 Ill. App. 3d 477, 387 N.E.2d 810 (1979).

A petitioner seeking administrative review under Supreme Court Rule 335 (134 Ill. 2d R. 335) must follow the procedures set forth in this rule. *Lipsey v. Human Rights Comm'n*, 267 Ill. App. 3d 980, 642 N.E.2d 746 (1994). Davis' petition for review by this court was timely filed on January 29, 1996. In filing her petition for review, Davis complied with the requirements of Supreme Court Rule 335 (134 Ill. 2d R. 335) and section 3—113 (735 ILCS 5/3—113 (West 1994)).

From the foregoing analysis, Davis' filing of her notice of appeal on January 29, 1996, properly invoked the subject-matter jurisdiction of this court to review the Commission's order entered January 19, 1996. Accordingly, respondents' motion to dismiss Davis' petition for review for lack of appellate court subject-matter jurisdiction is denied. Notwithstanding our determination that this court has subject-matter jurisdiction to proceed in this appeal, the instant appeal must nevertheless fail on its merits.

Davis contends that she filed her complaint properly, between the 301st through the 330th day after she filed her charge, in accordance with the calculations of the Department, and that the Commission erred in its determination that her complaint was premature. The Commission contends that the complaint was not timely filed and that it lacked jurisdiction under the Act to proceed over the matter.

∎ Sections 7A—102(G)(1) and (G)(2) of the Act provide:

"(G) Time Limit. (1) When a charge of a civil rights violation has been properly filed, the Department, within 300 days thereof or within any extension of that period agreed to in writing by all parties, shall either issue and file a complaint in the manner and form set forth in this Section or shall order that no complaint be issued. Any such order shall be duly served upon both the complainant and the respondent.

(2) Within 30 days of the expiration of the 300-day period or such longer period as shall have been agreed upon pursuant to subparagraph (1), the aggrieved party may file a complaint with the Commission, if the Department has not sooner filed a complaint or ordered that no complaint be issued." 775 ILCS 5/7A—102(G)(1), (G)(2) (West 1994).

Davis, with assistance of counsel, filed a complaint directly with the Commission on November 16, 1994, pursuant to sections 7A—102(G)(1) and (G)(2) of the Act. The Commission, interpreting the statutory language in section 7A—102(G)(1), has determined that the 300-day investigation period runs from the date the "perfected charge" is filed with the Department. A perfected charge is defined as one that has been signed and notarized under oath or affirmation. See *In re Bailey*, Ill. Hum. Rts. Comm'n Rep. 1988SF0450 (February 5, 1990). In accordance with its interpretation of the statute, the Commission determined that Davis filed her complaint on day 296, prior to the expiration of the Department's exclusive 300-day investigation period under the Act. On this basis, the Commission adopted the ALJ's October 19, 1995, recommendation and dismissed Davis' directly filed complaint on January 19, 1996, for lack of subject-matter jurisdiction over the matter.

■ Questions regarding proper construction or interpretations of statutes are questions of law. *Kujbida v. Horizon Insurance Agency, Inc.*, 260 Ill. App. 3d 1001, 632 N.E.2d 151 (1994). Courts give substantial weight and deference to interpretations of a statute by the agency charged with the administration and enforcement of that statute. *County of Cook v. Illinois Local Labor Relations Board*, 266 Ill. App. 3d 53, 639 N.E.2d 187 (1994). A significant reason for this deference is that courts appreciate that agencies can make informed judgments based upon their experience and expertise. *County of Cook*, 266 Ill. App. 3d 53, 639 N.E.2d 187. Moreover, interpretations by administrative agencies express an informed source for ascertaining legislative intent. *Salaried Employees of North America (SENA) v. Illinois Local Labor Relations Board*, 202 Ill. App. 3d 1013, 1019-20, 560 N.E.2d 926, 931 (1990).

■ An administrative agency's interpretation is not binding, however, and will be rejected when it is erroneous as a matter of law. *Board of Trustees of Community College District No. 502 v. Illinois Educational Labor Relations Board*, 241 Ill. App. 3d 914, 916-17, 608 N.E.2d 950, 952 (1993). The appellate court exercises independent review on a judgment, and an administrative agency's decision based upon erroneous construction of a statute or ordinance will not stand. *Kaloo v. Zoning Board of Appeals*, 274 Ill. App. 3d 927, 654 N.E.2d 493 (1995).

When interpreting a statute, the primary function of a court is to ascertain and give effect to the intent of the legislature. *Cojeunaze Nursing Center v. Lumpkin*, 260 Ill. App. 3d 1024, 632 N.E.2d 146 (1994), citing *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n*, 146 Ill. 2d 175, 207, 585 N.E.2d 1032, 1044 (1991). Determining legislative intent is accomplished by concentrating on the terminology, its goals and purposes and the natural import of the words used. *City of Chicago v. Cross City Disposal, Inc.*, 200 Ill. App. 3d 520, 525, 558 N.E.2d 249, 252 (1990). In the absence of a statutory definition indicating a different legislative intent, words are to be given their ordinary and commonly understood meaning. *Cojeunaze*, 260 Ill. App. 3d 1024, 632 N.E.2d 146.

■ When the statutes' words are given their ordinary and commonly understood meaning, it is clear that the legislative intent was that the charge contain complainant's notarized signature under oath or affirmation as required by section 2520.330 of the Illinois Administrative Code (56 Ill. Adm. Code § 2520.330 (1994)), in order to constitute a properly filed charge.

The Commission's interpretation, that section 7A—102(G)(1) required Davis to sign and notarize her charge under oath or affir-

mation, was logical and correct. The Commission's determination that the 300-day investigation period runs from January 24, 1995, the date Davis filed a charge containing her notarized signature under oath or affirmation, was not erroneous as a matter of law.

In addition, to properly interpret a statute a court must also consider the nature, object and consequences of construing the statute one way as opposed to another. *Andrews v. Foxworthy*, 71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335 (1978). If this court were to construe section 7A—102(G)(1) of the Act to allow the 300-day investigation period to run from the date that the unnotarized "unperfected charge" is filed, the Department would often have less than 300 days to investigate the charge. Clearly, this result was not the intent of the legislature.

Davis further contends that the Department and the Commission have conflicting rules regarding when this 300-day investigation period begins. She further contends that because she relied on the representations of the Department, equitable principles should apply to toll the 30-day window in which she can file her complaint with the Commission. In support of this contention, Davis directs this court's attention to the February 3, 1994, letter from the Department. On that date, the Department sent Davis a letter stating in relevant part: "If the Department does not complete your case within 300 days from the date you filed your signed and notarized charge *** you have the right to file your own complaint with the Human Rights Commission, starting on the 301st day (November 10, 1994) and ending on the 330th day (December 9, 1994). If you do not file a complaint, the Department will continue to investigate your charge."

The dates contained in the letter were calculated by the Department from January 13, 1994, the date Davis filed her "unperfected charge." This, the Commission contends, was a miscalculation by the Department. The Commission calculated the dates from January 24, 1994, the date Davis filed her signed and notarized "perfected charge" with the Department.

Review of the February 3, 1994, letter sent to Davis by the Department, when read in its entirety, is not persuasive that the Department and the Commission have conflicting rules regarding the date the 300-day period prior to the 30-day window begins. Furthermore, the letter does not indicate that the Department knowingly misled Davis.

Davis received this letter more than nine months prior to the November 16, 1994, filing of her complaint. When filing her complaint, Davis was assisted by counsel. The letter clearly stated that "if the Department does not complete your case within 300 days *from*

*the date you filed your signed and notarized charge* (or within any extension of time agreed to in writing by you and the Respondent), you have the right to file your own complaint with the Human Rights Commission."

Davis filed her signed and notarized "perfected charge" with the Department on January 24, 1994. This was the same date from which the Commission calculated the Department's exclusive 300-day investigation period. While it is unfortunate that the dates were incorrect, the letter did contain all necessary information to perform the correct calculation of the relevant dates. Hence, neither the Department nor the Commission can be held responsible for Davis' reliance on the dates contained in the letter.

Moreover, the Act does not provide for application of equitable principles to toll the 30-day window contained in section 7A— 102(G)(2). Section 3—102, "Scope of Article," states in relevant part:

"Article III of this Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of Article II of the Act or its predecessor, the Administrative Review Act. This Article shall be known as the 'Administrative Review Law'. In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed." 735 ILCS 5/3—102 (West 1994).

This court has stated that it "strongly question[s] the applicability of the equitable principle of tolling to any jurisdictional time limitation even under circumstances where an agency has arguably contributed to a late filing." *Robinson v. Human Rights Comm'n*, 201 Ill. App. 3d 722, 729, 559 N.E.2d 229 (1990).

For the foregoing reasons, we hold that the Commission's determination that Davis' complaint was untimely is correct and equitable principles should not toll the statutory 30-day window period. Therefore, the order of the Commission dismissing Davis' complaint is affirmed and the cause is remanded to the Department of Human Rights for further proceedings.

Affirmed and remanded.

HARTMAN, P.J., and HOFFMAN, J., concur.