DONALD K. MOESER, JR., Petitioner, v. THE HUMAN RIGHTS COM-
MISSION *et al.*, Respondents.

Fifth District   No. 5—96—0674

Opinion filed October 14, 1997.

Jeffery A. Cain, of Freeark, Harvey, Mendillo, Dennis & Wuller, P.C., of
Belleville, for petitioner.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solic-
itor General, and Erik G. Light, Assistant Attorney General, of counsel), for
respondent Human Rights Commission.

David F. Yates, Aaron R. Gelb, and Thompson Coburn, all of St. Louis,
Missouri, for respondent Hy-Dac Rubber Manufacturing.

JUSTICE HOPKINS delivered the opinion of the court:

Donald K. Moeser, Jr. (petitioner), appeals to this court from an order of the Human Rights Commission (the Commission) dismissing his complaint for civil rights violation against his former employer, Hy-Dac Rubber Manufacturing (respondent). The issues presented are (1) whether the order from which petitioner appeals is final and appealable and (2) whether the Commission has jurisdiction to consider a complaint that was filed within the 30-day window of section 7A—102(G)(2) of the Illinois Human Rights Act (the Act) (775 ILCS 5/7A—102(G)(2) (West 1994)) but was incorrectly mailed to the Department of Human Rights (the Department) rather than to the Commission. For reasons we will more fully explain, we reverse and remand.

## I. FACTS

The relevant facts are not disputed. Petitioner was fired from his job with respondent on August 31, 1994. On January 5, 1995, petitioner filed a charge of discrimination against respondent. By filing the charge with the Department within 180 days of the alleged discrimination, petitioner complied with section 7A—102(A) of the Act (775 ILCS 5/7A—102(A) (West 1994)). On January 10, 1995, the Department mailed petitioner a letter explaining as follows:

> "If the Department does not complete your case within 300 days from the date you filed your signed and notarized charge ***, you have the right to file your own complaint with the Human Rights Commission, starting on the **301st day** (October 30, 1995) **and ending on the 330th day** (November 29, 1995). If you do not file a complaint, the Department will continue to investigate your charge.
>
> *** If you file a complaint, the form of it must be in accordance with Section 7A—102(F) of the *** Act. You must file a copy of it on the same day with the Department of Human Rights. *** If you have any questions about filing a complaint, you should contact the *Human Rights Commission* at (217) 785-4350." (Emphasis in original.)

The only address listed on the January 10, 1995, letter from the Department to petitioner was the Department's address in Springfield, Illinois. The letter did not include an address for the Commission or any other information on how to file a complaint with the Commission. The letter also stated "*KEEP THIS LETTER. HAVE IT WITH YOU IF YOU NEED TO TELEPHONE OR COME TO THE DEPARTMENT.*" (Emphasis in original.) Petitioner kept the letter.

The Department did not complete its investigation or file a com-

plaint on petitioner's behalf within 300 days after petitioner filed the charge. Prior to filing his own complaint, petitioner called the telephone number for the Commission that was listed on the letter from the Department. According to petitioner, the person he spoke to at the Commission advised him that the complaint would be timely if mailed and postmarked on November 29, 1995. Petitioner stated that he was not advised that he should mail the complaint to the Commission rather than to the Department, that he was not given an address for the Commission, and that he attempted in good faith to file his complaint in accordance with the instructions given in the letter from the Department.

On November 29, 1995, petitioner filed his own complaint by mailing it to the Department and mailing a copy of the complaint to respondent on the same date. Petitioner was not represented by an attorney at that time. When the Department received petitioner's complaint on December 6, 1995, it sent it to the Commission via messenger mail. The Commission received petitioner's complaint on December 14, 1995, at its Springfield, Illinois, office.

On January 22, 1996, respondent filed an answer to petitioner's complaint. The answer did not raise any issue of lack of jurisdiction but generally alleged that petitioner "failed to satisfy the procedural prerequisites for filing this action."

On January 25, 1996, petitioner's attorneys filed an entry of appearance on his behalf. On February 5, 1996, the chief administrative law judge entered an order granting petitioner a continuance and transferring the case to Springfield, Illinois, which was the closest hearing location for all of the parties. Both parties then engaged in discovery in preparation for the upcoming hearing.

On February 27, 1996, the administrative law judge (the ALJ) assigned to hear the case issued an order, *sua sponte*, directing the parties to file briefs discussing the issue of whether petitioner's complaint was filed within the 30-day window of section 7A—102(G)(2) (775 ILCS 5/7A—102(G)(2) (West 1994)). In an order, the ALJ stated:

> "[I]t would appear that the instant Complaint is too late since: (1) section 7A—102(G)(2) of the *** Act *** permits Complainant[-]filed Complaints within 30 days after the Department's 300[-]day investigation period following the filing of a Charge of Discrimination; and (2) the tender of the instant Complaint *to the Department on December 6, 1995, occurred 335 days after Complainant filed his Charge of Discrimination on January 5, 1995.*" (Emphasis added.) (Note that all references by the ALJ and the Commission to "Complainant" are the same as our references to "petitioner.")

Petitioner filed his brief addressing the jurisdictional issue on

March 21, 1996. Petitioner argued in the brief that the Illinois Administrative Code (the Code) provides:

"An item properly received by mail shall be deemed to have been filed on the date specified in the applicable proof of mailing. Proof of mailing shall be made by filing with the Commission *** the affidavit of a person who is not an attorney, stating the date and place of mailing and the fact that proper postage was prepaid. The *** affidavit shall be filed with the Commission at the same time the item to which it refers is filed. If the *** affidavit does not accompany an item filed by mail, an item received by mail shall be deemed to have been filed when postmarked, properly addressed and posted for delivery." 56 Ill. Adm. Code § 5300.40(a) (1996).

Petitioner argued in his brief that he had complied with the 30-day filing requirement by placing the complaint in the mail with postage fully prepaid and that it was properly addressed to the Department according to the instructions on the letter from the Department to petitioner and according to the verbal instructions petitioner received from the Commission.

Respondent argued in its brief that the Commission did not have jurisdiction over the complaint because the complaint was not filed with the Commission until 335 days after petitioner filed his initial charge of discrimination with the Department. According to respondent's argument, the date of mailing the complaint was not as significant as the address to which it was mailed: since the Department did not mail the complaint to the Commission until the 335th day, the Commission does not have jurisdiction because the complaint was untimely.

The ALJ issued an order recommending to the Commission that it should dismiss petitioner's complaint "without prejudice" and remand back to the Department for further consideration. In the order, the ALJ made the following pertinent findings of fact and conclusions of law:

*"FINDINGS OF FACT*

\* \* \*

4. On November 29, 1995, Complainant mailed the instant *pro se* Complaint of Discrimination to the Department *** at the Department's address.

5. The 300th day after Complainant filed his Charge of Discrimination was November 1, 1995. The 330th day *** was December 1, 1995.

\* \* \*

*CONCLUSIONS OF LAW*

\*\*\*

2. The Commission lacks jurisdiction to consider complainant filed complaints that are filed outside the 30[-]day window period set forth in section 7A—102(G)(1) and (2).

\* \* \*

5. The instant Complaint is untimely insofar as: (1) it was received by the Commission via messenger mail on December 14, 1996 [*sic*] [the record is clear that the Commission received the complaint on December 14, 1995, not 1996], the 343rd day after the filing of Complainant's Charge; and (2) Complainant's failure to properly mail his Charge to .the Commission at the Commission's address precludes the Commission from considering the operative date for filing the instant Complaint with the Commission as of the date that Complainant mailed the Complaint to the Department."

Petitioner filed exceptions to the ALJ's recommended order. On September 17, 1996, a three-member panel of the Commission "decided to decline to review the Recommended Order and Decision" entered by the ALJ. The Commission adopted the ALJ's order as its own. Petitioner filed with this court a timely petition for review of the Commission's order.

## II. ANALYSIS

### A. WHETHER THIS COURT HAS JURISDICTION

■ Both respondent and the Commission argue that this court does not have jurisdiction over this appeal because the decision of the Commission dismissing petitioner's complaint is not a final order. They contend that because petitioner's original charge of discrimination is still pending before the Department, and because the Department could still file its own complaint, the order dismissing petitioner's complaint does not completely dispose of the case and we are without jurisdiction to consider the appeal.

We reject the arguments on this issue by respondent and the Commission. In *Davis v. Human Rights Comm'n*, 286 Ill. App. 3d 508 (1997), the petitioner filed her charge of discrimination with the Department and then attempted to follow the letter sent to her by the Department outlining her right to file her own complaint within the 30-day window after the Department's initial 300-day investigatory period. *Davis*, 286 Ill. App. 3d at 512. In *Davis*, the petitioner filed her complaint within the time period specified in the letter from the Department, but the information given by the Department turned out to be incorrect, and the petitioner actually filed the complaint on day 296, *before* the expiration of the Department's initial 300-day investigatory period. *Davis*, 286 Ill. App. 3d at 512.

The court in *Davis* decided, "[S]ince the 30-day window to file directly with the Commission has expired, and the Act provides no provision for renewal, the order [dismissing the petitioner's complaint] had the force and effect of abridging Davis' property right protected by the fourteenth amendment to the constitution." *Davis*, 286 Ill. App. 3d at 514. We agree with the reasoning of the court in *Davis*: although the order dismissing petitioner's complaint is in the form of an interlocutory order—because the Department is still charged with investigating petitioner's claim and the Commission could still hear the charge if raised by the Department—the order is "in substance a final order" appealable under Supreme Court Rule 335 (155 Ill. 2d R. 335) and section 3—113 of the Administrative Review Law (735 ILCS 5/3—113 (West 1994)), which permit direct review of certain administrative orders by the appellate courts. *Davis*, 286 Ill. App. 3d at 514-15.

We note that the *Davis* court also affirmed the Commission's order dismissing a complaint that was filed prematurely, and the court found that equitable considerations did not apply. We are not presented with the same issue in this case, and we wish to make it clear that we are not expressing any opinion about how we might rule on that issue if it is ever presented to this court. We follow *Davis* only on the issue of whether the order from which petitioner appeals is final and appealable.

As to the question of whether we have jurisdiction to consider this appeal, we find that the Department's ability to continue to investigate petitioner's charge of discrimination and the possibility that the Department might file a complaint on petitioner's behalf are not sufficient to protect and are not identical with petitioner's personal right to file his own complaint with the Commission. The legislature would not have given individual claimants a 30-day window in which to file their own complaints if this right were not to be considered a property right. Since the Commission's dismissal of petitioner's complaint completely eliminates petitioner's ability to manage his charge of discrimination for himself, we find that the order is final and that we have jurisdiction to consider the merits of the appeal.

## B. THE COMMISSION'S JURISDICTION OF PETITIONER'S COMPLAINT

■ The main question presented by this appeal is whether petitioner's timely mailing of a complaint to the wrong address deprives the Commission of jurisdiction. We hold that mailing the complaint to the wrong address did not deprive the Commission of ju-

risdiction. Under the circumstances herein, mailing the complaint to the proper address was not a necessary jurisdictional step. Petitioner vested the Commission with jurisdiction by complying with the necessary jurisdictional requirement of filing the complaint within the 30-day window set forth in section 7A—102(G)(2) (775 ILCS 5/7A—102(G)(2) (West 1994)).

In cases alleging discrimination under the Act, a unique and complicated procedure must be followed by the claimants. First, the charge of discrimination must be filed with the Department "[w]ithin 180 days after the date that a civil rights violation allegedly has been committed." 775 ILCS 5/7A—102(A)(1) (West 1994). Filing the charge of discrimination within 180 days is a necessary jurisdictional prerequisite to which equitable considerations such as good faith do not apply. *Trembczynski v. Human Rights Comm'n*, 252 Ill. App. 3d 966, 969 (1993). The initial charge of discrimination starts the 300-day period in which the Department is to investigate the charge. Second, within 10 days of the initial charge, the Department is required to notify the claimant in writing of the claimant's option to file a complaint on his or her own behalf if the Department fails to conclude its investigation or file a complaint on a claimant's behalf within 300 days. 775 ILCS 5/7A—102(B) (West 1994). Third, if the Department does not complete its investigation or file a complaint on the claimant's behalf, then the claimant may file his own complaint within the 30-day window. 775 ILCS 5/7A—102(G)(2) (West 1994).

In the case at bar, the Department complied with the notification requirement by mailing a letter to petitioner within 10 days after he filed his charge of discrimination against respondent. Petitioner stated in his affidavit that he relied upon the information in that letter and that he thought that, by mailing the complaint to the Department, he was following all necessary rules for filing a timely complaint.

Neither respondent nor the Commission cites any authority for the basic premise upon which their argument relies, that is, that not only is the timing of filing the complaint jurisdictional but mailing the complaint to the correct address is also a necessary jurisdictional prerequisite. Our research has not found any authority to support this proposition, but we find ample support for finding, as we do, that it is the timing of filing this complaint that is jurisdictional, not whether it is mailed to the Department or the Commission. Filing the complaint with the Commission is mandatory, but it is not jurisdictional.

Additionally, we find that equitable considerations apply to the

requirement that the complaint be filed with the Commission rather than with the Department. Here, because petitioner acted in good faith in trying to follow the myriad procedural rules, his complaint, which was filed with the Commission on December 14, 1995, relates back to the date on which he mailed the complaint to the Department, November 29, 1995, the 29th day of the 30-day window.

In reaching this conclusion, we compare the requirement that the complaint be filed with the Commission to the requirement that the complaint be verified. See 775 ILCS 5/7A—102(F)(1), (G)(2) (West 1994). In *Maliszewski v. Human Rights Comm'n*, 269 Ill. App. 3d 472, 476-77 (1995), this court held that a verified complaint filed on the 31st day after the initial 300-day investigatory period should relate back to the unverified complaint filed on the 30th day. In *Maliszewski*, we held that the verified complaint was timely and that it vested the Commission with jurisdiction to hear the petitioner's individual complaint. *Maliszewski*, 269 Ill. App. 3d at 477. The rationale behind our holding in *Maliszewski* applies with equal force to the instant appeal:

> "The General Assembly has determined that the public policy of this State is to assure freedom from discrimination ***. To limit petitioner's remedies because of a purely technical defect, corrected expeditiously ***, would be an erroneous application of a remedial statute." *Maliszewski*, 269 Ill. App. 3d at 477.

The requirement that a claimant's charge must be filed with the Department but that his or her subsequent complaint must be filed with the Commission is more analogous to a rule of venue than of jurisdiction. A case in point is *Ferndale Heights Utility Co. v. Illinois Commerce Comm'n*, 112 Ill. App. 3d 175 (1982). In the *Ferndale Heights* case, a utility company appealed from a decision of the Illinois Commerce Commission. The utility company filed its complaint in the wrong circuit court; it should have filed in Cook County, but it filed in Sangamon County instead. *Ferndale Heights*, 112 Ill. App. 3d at 177. The appellate court found that the Sangamon County court "had no power to decide the merits of the case." *Ferndale Heights*, 112 Ill. App. 3d at 178. Nevertheless, the appellate court determined that the Sangamon County court's general jurisdiction empowered it to transfer the case to the correct venue in order to "cure the defect and avoid the necessity of dismissing the suit," and that the same power applies to courts sitting in exercise of special jurisdiction. *Ferndale Heights*, 112 Ill. App. 3d at 178.

The court in *Ferndale Heights* found that nothing in the statutory scheme under consideration therein expressly prohibited the transfer of the appeal from the incorrect venue to the correct venue.

Similarly, we find that nothing in the Human Rights Act prevents the Department from transferring petitioner's complaint to the Commission. To hold otherwise would put form over substance and be contrary to the broad remedial purpose of the Act.

The letter that the Department mailed to petitioner in the case at bar informed petitioner that he had to file his complaint with the Commission, but it did not inform him of the address for the Commission. It gave him a phone number for the Commission, but according to the unrefuted allegations of petitioner's affidavit, the person he spoke to at the Commission did not correct his misapprehension that he was to mail his complaint to the Department and did not provide him with an address for the Commission. Indeed, it seems from petitioner's pleadings that he did not understand that the Commission was a separate entity from the Department, a distinction which is fundamental but which could easily be lost on a layperson trying to follow the complicated rules for charging discrimination.

We hold that the 30-day filing requirement is jurisdictional but that the requirement that the complaint be filed with the Commission rather than the Department is mandatory but not jurisdictional, so long as the claimant shows that he made a good-faith effort to comply with the filing rules and the defect is corrected expeditiously. Here, the evidence clearly supports such a finding. Accordingly, we reverse the Commission's order that petitioner's complaint be dismissed, and we remand this case back to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.

KUEHN, P.J., and MAAG, J., concur.